THOMPSON *et al.* v. COOK.

1. **Judgment:** ENTRY. The judgment entry gave the name of the court, the title of the cause, recited service upon the defendant and his failure to appear or plead, and proceeded: " Now, on motion of S. M. W., plaintiff's attorney, it is hereby adjudged that W. L., the plaintiff, do recover of W. E. C., the said defendant, the sum of," &c., &c.; indorsed " W. R., clerk," and the petition in an action thereon alleged that it was rendered by said court: *Held*, that a demurrer to the petition, on the ground that the judgment record showed that judgment was rendered by the clerk instead of the court, was properly overruled.

2. **Pleading :** ASSIGNMENT. In an action by T. and W. on a judgment rendered in favor of L., it was alleged that said "judgment has now become the property of your petitioners " but no written assignment was alleged or shown in any manner: *Held*, that the allegation was objectionable as pleading a conclusion of law, but that it should be attacked by motion and not by demurrer.

*Appeal from Des Moines District Court.*

TUESDAY, OCTOBER 16.

ACTION upon a judgment against the defendant, purporting to have been rendered by the Supreme Court

Thompson v. Cook.

in and for the county of Niagara in the State of New York.

Demurrer to petition overruled; defendant stood by his demurrer, refused to plead over, and from the judgment against him appeals.

*P. Henry Smyth* for the appellant.

No argument on file for the appellee.

DILLON, J.—I. The first question made by the defendant is, that the judgment declared on was not rendered by the court but by the *clerk* thereof, and it is claimed that this is shown upon the face of exemplified record.

*1. JUDGMENT: entry.*

We have examined the record with care, and do not find this objection sustained in point of fact. The entry, after giving the name of the court, the title of the cause, reciting the service upon the defendant and his failure to appear or plead, proceeds:

"Now, on motion of T. M. W., plaintiff's attorney, it is hereby adjudged that William Langs, the plaintiff, do recover of Wm. E. Cook, the said defendant, the sum of, &c.          (Indorsed)     W. R., *Clerk.*"

The petition alleged that the judgment in suit was duly rendered by the said court, and nothing in the copy of the record of the proceedings (made part of the petition) negatived or disproved this allegation, and hence this ground of demurrer was properly overruled.

II. The judgment declared on was rendered in favor of one William Langs. The present action is brought by Alexander Thompson and Marion H. Webber. Their petition alleges in due form the recovery of judgment by the said Langs, its amount, the name of

*2. PLEADING: assignment.*

the court, that it remains in full force and unpaid; and then follows this allegation: "Which said judgment has now become the property of your petitioners. Wherefore they ask judgment," &c. There is no written assignment of the judgment from Langs to the present plaintiff in the exemplified copy of the New York judgment, and no such assignment is alleged.

One ground of demurrer to the petition was, that said New York "record shows no right in plaintiffs to bring this. action."

The allegation that the judgment had become the property of the plaintiffs was the allegation of a legal conclusion rather than of a fact. Upon *motion* the plaintiffs could have been compelled to state how they became the owners of the judgment; that is, to plead the *facts* which in law made them the owners of the judgment. But a defect of this character could not be reached by demurrer. Rev., § 2876; *Cole* v. *Cottle, ante.*

The other objections taken by the demurrer are not insisted upon by the appellant in his argument, and therefore we do not deem it necessary to notice them.

Affirmed.