| 21 | 463 |
| 110 | 733 |
| 21 | 463 |
| 118 | 297 |

</div>

## The City of Pella v. Scholte.

1. **Statute of limitations; DEDICATION: PLEADINGS.** The petition averred that plaintiff was duly organized and incorporated under the laws of Iowa, in August, 1855; that in 1847, the defendant laid off the town of Pella, in which plat a square was designated as "Public Square," and exhibited to various persons; that said square was dedicated to the public use and lots sold to different persons on the faith thereof; that in 1848, said defendant caused another plat of said town to be made, and the same was duly acknowledged and recorded; that in the main the last plat was like the first, but that the square was designated

therein as "Garden Square;" that those who had purchased lots under the first plat, and other persons were told by the defendant that the change of designation from "Public Square" to "Garden Square," was a mere fancy; that the same was for the use of the people of the town, and to be controlled by them; that he exhibited said' plat to different persons, and told them that it was intended for the public use and benefit: *Held,*

1. That adverse possession for the period prescribed by the statute, did not sufficiently and affirmatively appear from the petition to enable the defendant to avail himself of the statute of limitations by demurrer.

2. That the facts stated in the petition, without more or adverse facts in relation thereto, would estop the defendant from asserting a title to the premises.

3. That when a town is properly platted, certified, acknowledged and recorded, such acts amount to a conveyance of the streets, alley, public squares, commons, &c., to, and vest the title in, the corporation or public, for the uses specified and intended; and that the corporation or public is capable of taking and holding the title for such uses and trusts.

*Appeal from Marion District Court.*

FRIDAY, DECEMBER 14.

SUIT in equity to quiet title to certain real estate. ' The defendant demurred to the petition; the demurrer was overruled and they appeal.

*H. P. Scholte* and *Z. T. Fisher* for the appellant.

*Seevers & Williams* for the appellee.

COLE, J.—It is averred in the petition that the plaintiff is a corporation duly organized under the laws of Iowa, on the 5th day of August, 1855; that in 1847 the defendant, H. P. Scholte, laid off and platted the town of Pella, in which plat was a square designated as "Public Square," and exhibited the same to various persons; that said public square was dedicated to the public use, and lots were sold to different persons

<div style="margin-left:2em">1. STATUTE OF LIMITATIONS: dedication.</div>

on the faith thereof; that in 1848 said defendant caused another plat of said town to be made, and the same was duly acknowledged and recorded; that this last plat was like the first in the main, except that the same square was designated as " Garden Square;" that those who had purchased lots under the first plat, and other persons, were told by defendant that the change of designation from "Public Square" to "Garden Square" was a mere fancy of his, but that the same was for the use of the people of the town and to be controlled by them; that the said defendant exhibited the last plat to persons to whom he sold lots and represented that the said square was for the public use and benefit; and the prices of lots were graduated with reference to their proximity to the square ; and that by laying off, platting, acknowledging and recording said plat the defendant had dedicated the said square to the public.

It is further averred that the defendants are husband and wife, and that the defendant H. P. Scholte has conveyed the said square, without consideration, to his wife, the defendant M. H. E. Scholte, who joined in acknowledging the plat and had full knowledge of its dedication to the public; that in the month of March, 1865, the plaintiff took possession of said square, exercised acts of ownership over the same and ever since has remained in possession of it; that the defendants claim the said "Garden Square" as their property, and deny plaintiff's interest therein, and threaten to sue the officers of plaintiff for taking possession thereof, and by their threats and claims cast a cloud upon plaintiff's title, and prevent the same from being improved and used by the people as they are entitled to and would otherwise do.

The prayer of the petition is that defendants be enjoined from interfering with the possession of said property or suing plaintiff's officers for taking possession

thereof; that the cloud upon plaintiff's title be removed, and the title perfected in plaintiff.

The defendants demurred to the petition, substantially, because it showed that the plaintiff's title was barred by the statute of limitations; that the said square had never been dedicated to the public; that the plaintiff's remedy is at law and not in equity; and that there was no party *in esse* at the time of the platting, &c., capable of receiving and holding the grant of the square in controversy. This demurrer was overruled by the District Court, and such ruling is the only error assigned.

We hold that the claim of title by the defendants with adverse possession for the period prescribed by the statute, does not sufficiently and affirmatively appear from the petition to enable the defendants to avail themselves of the statute of limitations upon demurrer (Rev., § 2961); that if it does not distinctly and clearly appear from the averments of the petition that there was a perfect legal dedication of the square to the public, yet, if all the averments without more or adverse facts in relation thereto, are true, the defendants would be estopped from now asserting their title to the premises; that even if the plaintiff's remedy is at law and not in equity, advantage of such defect or error cannot be taken by demurrer (*Coyningham* v. *Smith et al.*, 16 Iowa, 471; *Byers* v. *Rodabaugh*, 17 Id., 53); and further, that the action is rightly brought in equity; that when a town is properly platted, certified, acknowledged and recorded, such acts amount to a conveyance of the streets, alleys, public square, commons, &c., to, and vest the title in, the corporation or public for the uses specified or intended; and that such corporation or public are capable of taking and holding the title for such uses and trusts. Rev. Stat.; 1843 (Blue Book 608, 609); Code of 1851, §§ 632 to 638. Rev. 1860, §§ 1016 to 1021.

There was, therefore, no error in overruling the demurrer. The cause will be remanded with leave to the defendants to file their answer to the plaintiff's petition, if so advised.

Affirmed.