## HARWOOD AND CEDAR FALLS & MINNESOTA RAILWAY CO. v. CASE.

1. **Taxation: IN AID OF RAILROADS: MANDAMUS.** While under chapter 48, Laws of 1868, it is the duty of the treasurer to collect and pay into the treasury a tax voted in aid of a railroad, yet the company cannot enforce this duty by mandamus until it shows itself fully entitled to the tax by presenting to the treasurer an order of the president or managing director accompanied by certified estimates of the engineer showing that an amount equal to the tax has been expended by the company within the county. Until this is done the tax does not become delinquent.

2. —— Nor can the collection of a *portion* of the tax be compelled upon the presentation of an order accompanied by a certificate of the engineer that an amount has been expended by the company equal to the amount of the order.

3. —— Under the act of 1872 the same steps must precede the right to the compulsory collection of the tax that under the act of 1868 preceded the right to have the tax paid over.

4. —— Section 5 of the act of 1872 (chap. 2), as amended by chapter 10 of the acts of the same session, is retrospective.

5. —— It is not necessary under the act of 1868 that a railroad should actually be located before the tax is voted.

6. **Pleading: DEMURRER.** A petition is not demurrable because it prays for relief to which its averments do not entitle the pleader.

7. —— **EXHIBITS.** It is not necessary to attach to or set out in the petition a copy of a writing referred to unless the same constitutes the basis of the action.

### Appeal from Floyd District Court.

WEDNESDAY, DECEMBER 17.

THE petition alleges in substance that at an election duly held in the township of Floyd, in Floyd county, on the 29th day of October, 1868, pursuant to the proper petition of resident tax payers and order of the township trustees, a tax of five per cent was voted in aid of the construction of the Cedar Falls & Minnesota Railway, as provided by chapter 48, Laws 12th general assembly.

That on the 16th of December, 1868, the trustees ordered a levy of five per cent for such purpose upon all the taxable property of the township. That the township clerk certified the tax list and delivered the same to the clerk of the board of supervisors, who delivered the same to the treasurer of Floyd county, with a warrant authorizing and directing him to collect the same. That the gross amount of said tax was about $12,000.

That it was provided in the petition to the trustees, and in the notice of submission, that said tax should be paid over in accordance with chapter 48, when said railroad company should have expended the amount of said tax in said township in the construction of their road, and should complete a depot, to be located within three-fourths of a mile from a flouring mill existing on section 16, township 96 north, of range 16 west.

That the railroad company located their depot within said distance of the flouring mill, and expended within the following months of November, December and January, the sum of $15,000, in constructing their road within said township.

That between February 1st and September, 1869, they expended the further sum of $50,000 in said work, and, about the last date, completed the road to their depot and completed the depot, located within three-fourths of a mile from said flouring mill; that said company completed building their road through said township about the 1st of October, 1869, and expended thereon more than $100,000.

That the county treasurer received said tax list in December, 1868, and collected thereon the amount of $800.

That the railroad company being indebted to the plaintiffs, O. P. Harwood and Olis Havens, executed an order to O. P. Harwood on the treasurer for $4,000, to be paid when collected from time to time, and also filed with the treasurer a certificate of estimates of money expended, from the engineer in charge of said road, as required by said chapter 48, by which it appeared that the sum called for by said order had been expended by said company, in said work, within said county.

That said treasurer paid over on said order the sum of $800, and the balance is still unpaid, and no further sum has been collected by said treasurer.

Plaintiffs pray that a writ of mandamus may issue to the treasurer and his successors in office, commanding them to proceed to collect said tax, together with interest and penalties accrued thereon since February 1st, 1868, in the same manner and to the same extent as in the collection of county and State taxes, and that said treasurer pay over on the order for four thousand dollars herein referred to, the said sum to plaintiffs Harwood & Haven, or their assigns, and that the remainder of said sum so collected they pay to the plaintiff, the Cedar Falls and Minnesota Railroad Company, or to its order.

To this petition the defendants demurred as follows:

1. The petition shows that plaintiff Harwood's cause of action is based upon a written order presented by the Cedar Falls and Minnesota Railroad Company to himself, and a copy thereof is not set out in or annexed to plaintiff's petition, and no reason is given why the same is not done.

2. Petition does not state that at the time the tax designated in the petition was voted, any railroad had been located in or through said township, or in or through any township contiguous thereto.

3. The petition does not state facts sufficient to constitute a cause of action in this: That it does not state that the president or managing director of the Cedar Falls and Minnesota Railroad Company has drawn an order on the treasurer, defendant, for the amount of said tax, and that such order has been presented to said treasurer for payment, accompanied with estimates of the engineer in charge of the work on said road, showing that an amount equal to the amount of the tax has been expended by said company in Floyd county, in the construction of said road.

4. The petition states facts which avoid the cause of action in this: That the petition states that the whole amount of the tax voted is $12,000, and that the order held by plaintiff Harwood is for the sum of $4,000.

5. Petitioners pray for the collection and payment to plaintiffs of the tax and penalties accruing on said tax, and there is no law authorizing the same.

6. That the petition does not show that the trustees of Floyd township have certified to the county treasurer or township collector that the Cedar Falls and Minnesota Railroad Company has complied with the statute relative to such tax, and is entitled thereto.

The court sustained the demurrer as to the third and fifth of the above points, and · overruled the same as to the remainder. Afterward plaintiffs amended their petition in a matter not assailed by the demurrer, and elected to stand on their petition thus amended, whereupon the court dismissed the cause, and rendered judgment against plaintiffs for costs. Both parties appeal.

*Starr & Patterson* for the plaintiffs.

*Pratt & Root* and *J. M. Parsons* for the defendants.

DAY, J. — I. The third ground of demurrer, and which the court sustained is as follows:

"The petition does not state facts sufficient to constitute a cause of action in this: That it does not state that the president or managing director of the Cedar Falls and Minnesota Railroad Company has drawn an order on the treasurer, defendant, for the amount of said tax, and that such order has been presented to said treasurer for payment, accompanied with estimates of the engineer in charge of the work on said road, showing that an amount equal to the amount of the tax has been expended by said company in Floyd county, in the construction of said road."

I. TAXATION.

Section 3, chapter 48, Laws 1868, provides as follows: "That so soon as such tax lists are prepared, the tax herein provided for shall be due and collectible in the same manner as the county tax is collected; and it shall be the duty of the treasurer of the county to proceed by himself or deputy to collect

the same, and to pay it into the treasury of such county, and the same shall be paid out by such treasurer upon the order of the president or managing director of the railroad company whose road such tax is voted to aid; which order shall be accompanied by estimates of the engineer in charge of the work on such road, showing that an equal amount has been expended for the construction of such work within such county."

It is clear under this section that as soon as the tax lists are prepared the tax is due and collectible, and that it is then the *duty* of the treasurer to proceed to collect the same. This is the positive declaration of the statute. A failure of the treasurer to thus proceed to collect, is a failure to discharge a duty positively enjoined. It does not, however, follow, that whenever the treasurer is thus derelict, the corporation in whose aid the tax is voted may stimulate him to a discharge of his duty by a mandamus.

The writ of mandamus is granted upon the petition of a private party *aggrieved*. Rev., § 3761.

The word *aggrieve* here means to oppress or injure in one's rights.

Now, whilst it is the duty of the treasurer to collect the tax and to pay it into the county treasury, the same is to be paid out by the treasurer, only upon the order of the president or managing director of the railroad company, accompanied with estimates of the engineer, showing that an equal amount has been expended within the county. Until the railroad company presents such order, accompanied with such certificates, it is not entitled to the tax. And until it becomes so entitled it is difficult to see how it can be *aggrieved*, oppressed or injured in its rights by the failure of the treasurer to collect.

Certainly the treasurer should not be compelled to collect the tax and to pay it into the county treasury, when the party on whose behalf the proceeding is had is not entitled to the tax, and when it cannot be certainly known that he ever will be so entitled.

Further, section 3, chapter 2, Laws 1872, provides as follows: " That all taxes now levied, or that may hereafter be

levied, under the provisions of chapter 48 of the acts of the twelfth general assembly, and also under the provisions of chapter 102 of the acts of the thirteenth general assembly of the State of Iowa, shall draw no interest, be subject to no penalty, nor shall the property on which such taxes are now levied, or may hereafter be levied, be sold for said taxes until the railroad company shall have been entitled to receive said taxes under the provisions of the aforesaid acts."

This statute does not expressly provide that the tax shall not become delinquent until the railroad company is entitled to receive it, but its provisions are equivalent to such a declaration.

Chapter 48, Laws of 1868, provides when taxes are due, but it has no provision respecting their delinquency. Under the general revenue statute taxes are due on the second Monday in November, and they are delinquent on the first day of February following. Rev., §§ 751, 759. The consequences of this delinquency, and all the consequences thereof are, that the taxes draw a stipulated interest, and it becomes the duty of the treasurer to make the amount of the tax by distress and sale of personal property, except such as is exempt from taxation. Rev., § 756. Now the act of 1872 provides that these consequences of delinquency shall not exist until the railroad company is entitled to the tax. It certainly involves a contradiction to say that a tax is delinquent, and, at the same time, that none of the consequences of delinquency exist.

Hence, when the act of 1872 declares that the tax shall draw no interest, and that the property upon which it is imposed shall not be sold until the railroad company is entitled to the tax, it in fact declares that the tax shall not, until then, become delinquent.

Besides, it would be a vain thing to require the treasurer, by mandamus, to collect the tax, and at the same time to deny him the use of all practical means of obeying the order.

II. It is claimed, however, that as to the order of $4,000, drawn upon the treasurer in favor of O. P. Harwood, the petition does allege that a certificate of the engineer in charge

of the work was filed with the treasurer, showing that the sum called for had been expended in the county, and that, at least to the extent of this order, the relief asked should be granted. It follows, we think, from the views already expressed that this position is unsound. We have already seen that the tax becomes delinquent, so as to draw interest and be collectible by distress of property, when the railroad company, in whose aid it is voted, becomes entitled to it.

But there is no authority anywhere for the position that a tax may become delinquent in installments. The difficulty of adjusting the amount of delinquency to each tax payer, and the great labor which would be imposed upon the treasurer, involving much expense to the county, not to mention the many complications which would arise, but which naturally suggest themselves, forbid that we should, by construction, give to the law such effect.

It is clear that if each time an order is presented, accompanied by the certificate of the engineer, a portion of the tax voted, equal to the amount of the order, becomes delinquent and subject to interest, the labor and expense of collecting the tax would be largely increased, and the confusion would become interminable.

III. It is claimed, however, that if the act of 1872 is allowed to operate retrospectively upon taxes voted under the act of 1868, it impairs the obligation of a contract and is unconstitutional.

This view we believe also to be unsound. The act of 1868 provides that the tax shall be collected when conditions do not exist that would entitle the railroad company to it when collected.

The effect of the act of 1872 is to suspend the collection until the company becomes entitled to the tax.

In other words, under the act of 1872 the same steps must precede the right to the compulsory collection of the tax, that under the act of 1868 preceded the right to have the tax paid over.

It invades no substantial right that a railroad company shall

not be allowed to enforce the collection of a tax, until it shows that it will be entitled to receive the tax when collected.

IV. The fifth ground of demurrer, and which the court also sustained, is as follows :

"Petitioners pray for the collection and payment to plaintiffs of the tax and penalties accruing on said tax, and there is no law authorizing the same."

6. PLEADING.

In view of what has already been said this ground of demurrer is, perhaps, not very material.

Under the act of 1872, there is, as we have seen, no penalty until the company in whose aid the tax is voted is entitled to it. But this ground of demurrer was improperly sustained because it assails only the prayer of the petition. A petition is not vulnerable to a demurrer, simply because it may ask relief to which its averments do not entitle the pleader. *Byers* v. *Rodebaugh*, 17 Iowa, 53.

V. The sixth ground of demurrer was overruled by the court, and is as follows :

"The petition does not show that the trustees of Floyd township have certified to the county treasurer, or township collector, that the Cedar Falls and Minnesota Railroad Company has complied with the statute relative to such tax, and is entitled thereto."

Section 5 of the act of 1872 is as follows : "That when it is certified to the county treasurer or township collector, by the trustees of any township, or the trustees or council of any incorporated city or town, that the railway company has, in all respects, complied with the statutes and with all contracts and agreements referred to in section 2 of the act relative to such a tax, and is entitled thereto, it shall be the duty of such treasurer or collector to give sixty days' notice thereof by publication in some newspaper published in the county, * * * and from the time of giving such notice said tax shall become delinquent, and not before."

That this section is retrospective is clear from chapters 10 and 50 of the acts of the same general assembly. Chapter 10 aforesaid adds to the above section the following : "*Provided,*

*however*, that when any railroad company had, prior to the passage of said act, filed the proof and evidence required in sections 2 and 3 of chapter 102, laws thirteenth general assembly, the county treasurers and township collectors shall not give the sixty days' notice required in section 5 of said act." Chapter 50 aforesaid repeals chapter 102 of the acts of the thirteenth general assembly, and chapter 48 of the acts of the twelfth general assembly, and provides as follows : " That all taxes which shall have been voted prior to the taking effect of this act, in accordance with the provisions of chapter 48 of the acts of the twelfth general assembly, or chapter 102 of the acts of the thirteenth general assembly, shall be levied, collected and applied in accordance with the provisions of said chapters as amended and changed by chapter 2 of the acts of the fourteenth general assembly."

It is claimed by plaintiff that this portion of chapter 50 is unconstitutional, because not expressed in the title. We deem it unnecessary to discuss this question, as we think the retrospective character of the statute fully appears by its own provisions, as amended by chapter 10 above quoted.

If this section, as applied to this tax, is constitutional, a compliance with its provisions is essential.

It is to be observed that it does not require the doing of any *act* by the company, not required in the act of 1868. It does two things. First. It prescribes what evidence shall be submitted that the company has complied with the conditions of the act under which the tax was voted. Second. It provides when and under what conditions the tax shall become delinquent, a thing respecting which the law of 1868 is entirely silent. It does not impair the obligation of any contract, but simply prescribes the mode of enforcing a right. It seems to us, therefore, that the ground of demurrer should have been sustained.

VI. The first ground of demurrer, that no copy of the written order to Harwood is set out in or annexed to the petition, is not well taken, and was properly overruled.

7. — exhibit.

The action of Harwood, so far as the same seeks

to enforce the collection of the tax voted, is not founded on the written order.

The most that can be said of the order is that it is a link in the chain of testimony necessary to the establishing of plaintiff's demand.

VII. It is not necessary that a railroad should actually be located through a township, or one contiguous thereto before a tax can be voted in aid thereof. Section 1 of the act of 1868 makes it lawful for any township, incorporated city, or town, through which any railway has been or hereafter may be located, to aid in the construction thereof. It contains nothing from which it can be inferred that the road must be located before the tax is voted.

Nor, indeed, could there be any real advantage from such a requirement. For, in the absence of contract that the road should be built on a particular line, the location would be subject to subsequent change.

VIII. Respecting the fourth ground of demurrer, we have already expressed the view that it is not competent for the plaintiff to render the tax delinquent and enforce the collection of it in installments.

From the foregoing views it follows that the demurrer was properly sustained as to one material matter; that it should have been sustained as to another, and that the judgment dismissing plaintiff's petition must be

Affirmed.