## FISHER ET AL. V. BEARD.

1. **Dedication: PUBLIC SQUARE.** When one laying out a town sells lots fronting a square, designated upon the recorded plat as "Garden Square," representing to the purchasers that it should forever remain an open and unoccupied space, and, upon such representations, demanded and received a larger price for the lots, the purchasers may enjoin the owner of the land or his voluntary grantee from the erection of buildings upon the square.

2. **Former Adjudication: PARTIES.** A former adjudication is no bar to an action in which both parties and issues differ from those in the action pleaded.

3. **Statute of Limitations: APPLICATION OF.** The bar of the statute does not apply where the remedy is sought as soon as the right is invaded, or the cause of action arises.

4. **Injunction: FINAL DECREE.** Upon the dissolution of a preliminary injunction, upon motion and showing by defendant, the order of dissolution does not become *res adjudicata*, barring final judgment in favor of the plaintiff.

*Appeal from Marion District Court.*

WEDNESDAY, JUNE 16.

SUIT in equity by plaintiffs who are the owners of lots fronting on Garden Square in Pella, to enjoin defendant, who now claims to own the same, from laying it off into lots and erecting buildings thereon. The plaintiffs aver that the lots owned by them were purchased of H. P. Scholte and that an increased price was paid therefor in reliance upon the representations made by Scholte at the time of the sale of the several lots, that said Garden Square was intended for and should always remain a public square—an open and unoccupied space for the benefit of the adjacent lot owners and the city. The defendant is the widow and grantee of H. P. Scholte and by answer denies plaintiff's allegations; relies upon the statute of limitations, and also upon a former adjudication. Judgment for plaintiffs. Defendant appeals.

*Z. T. Fisher*, for appellant.

*Stone, Ayres & Curtis*, for appellee.

COLE, J.—I.   This action was before this court at a former term upon a demurrer to the petition.   See *Fisher et al. v. Beard*, 32 Iowa, 346, where a full statement of the grounds of the action and the averments of the petition are set forth.   It is not necessary to repeat them here.

The evidence satisfactorily establishes the facts averred, so far as to show that, in the original or first plat of Pella, the square in controversy was marked "Public Square" and some of the lots owned by the plaintiffs were sold by Scholte in reliance upon that plat; that by a subsequent plat, which only was recorded, the same square was designated as "Garden Square;" and other lots were sold by him with the representation that the square was for the public and should forever remain an open and unoccupied space—not to be laid off into lots or used for buildings; and that in each case the lots sold for double price by reason of fronting on said square.   The defendant was then the wife of said Scholte, and afterwards became his voluntary grantee.   She stands in no better condition than would H. P. Scholte.   Upon these facts and the law applicable thereto, as settled upon the former appeal, the plaintiffs have the right, nothing further appearing, to have the square remain open and unoccupied with buildings.

*1. DEDICATION: public square.*

II.   The defendant by answer sets up a former adjudication of the matters in controversy in this action, in and by a cause entitled *The City of Pella v. Scholte*, which was finally decided in this court and may be found reported in 24 Iowa, 283.   See also the same case in 21 Iowa, 463.   The matter in issue in that case was whether H. P. Scholte, by the platting and recording of the plat of the town, had dedicated the square to the town—the public; and secondly, if it was so dedicated to the public, had the public lost its right by reason of the continued adverse possession by Scholte.   Here, the matter in issue is whether Scholte, by his representations in connection with the sale of the lots fronting the square, has estopped himself from the right to lay off the square into lots and place buildings thereon—to use it for any purpose other than a garden square.   The parties are different

*2. FORMER adjudication: parties.*

and the issues are different. The former proceeding, there-fore, is no bar to this.

III. The statute of limitations was also interposed by the defendant. But, since the proof shows that this action was commenced directly after the effort to lay off the square into lots and to cause buildings to be erected thereon, the statute constitutes no bar, under the previous decision in *Fisher et al. v. Beard*, 22 Iowa, 346.

4. STATUTE of limitations: application.

IV. A preliminary injunction was granted *ex parte*, upon the filing of the petition in the case. Afterwards, upon a motion and showing made by the defendant, that injunction was dissolved. Upon the final hearing the defendant was perpetually enjoined from laying the square off into lots and from placing any buildings thereon, etc., etc. The appellant's counsel now insists that since the plaintiffs took no appeal from the order dissolving the injunction, such order became conclusive upon them as a *res adjudicata*. Under our practice this is not so. The sustaining of such a motion only determines that upon the showing there made, the plaintiffs were not entitled to a preliminary injunction; but such order is no bar to the right to a perpetual injunction upon full proof at the final hearing. *Russsell v. Wilson & Co.*, 37 Iowa, 377.

5. INJUNC-TION: final decree.

AFFIRMED.