NOYES v. THE TOWN OF MASON CITY.

1. **Pleading**: SUFFICIENCY OF: DEMURRER. The allegations of a petition considered and held sufficient on demurrer.

2. **Municipal Corporations**: CHANGE OF GRADE: INJURY TO PROPERTY. Where a town alters the established grade of its streets without causing the damages to adjoining property to be assessed, in accordance with the provisions of section 469 of the Code, such act is unlawful, and an owner of such property may maintain an action at law to recover his damages sustained thereby.

*Appeal from Cerro Gordo Circuit Court.*

THURSDAY, APRIL 22.

THE petition states that the plaintiff is the owner of a certain parcel of real estate fronting on Commercial street in said town; that in 1870 the defendant established a grade on Commercial street and caused a survey to be made and stakes set indicating such grade, and erected sidewalks along said street past plaintiff's premises in accordance with such grade, and passed an ordinance establishing the same, but it never was recorded, and has been lost or mislaid; that the defendant by its officers pointed out the stakes, grade and sidewalks as the true grade of said street, and the plaintiff in accordance with said grade so ostensibly established erected a large building on his lot fronting on Commercial street, and placed the foundation and floor of said building at a suitable height above said grade, and in accordance with the stakes set by defendant and the sidewalks built by it, and expended a large sum of money in improving said lots and the erection of said building; that in 1877 the defendant unlawfully and wrongfully changed the grade of said street " without notice to the plaintiff, and without his knowledge, and without the appointment of any appraisers or tender of any damages to the plaintiff, and in the year 1878 proceeded to wrongfully cut down and excavate the streets of said town, and particularly Commercial street, by removing the earth in said street and

lowering said street and sidewalk immediately in front of the plaintiff's building   \*   \*   \*   to the depth of three feet." The acts of said defendant being willfully wrong and in violation of law, wherefore the plaintiff asked damages in the sum of five thousand dollars. To the petition there was a demurrer, which was sustained, and the plaintiff appeals.

*F. M. Goodykoontz* and *Brown & Binford*, for appellant.

*Miller & Cleggett*, for appellee.

SEEVERS, J.—I. There were seven grounds stated in the demurrer. The first three may be embraced in a single prop-

1. PLEADING: sufficiency: demurrer. osition, and is stated in the argument of the appellee as follows: That the petition alleges there was a grade regularly established by an ordinance, and the petition neither describes the grade nor sets out the ordinance. It may be the petition was vulnerable to a motion for a more specific statement, but we think it is sufficient on demurrer. It is alleged there was a grade in fact established, that the defendant so represented, and relying thereon the plaintiff acted. It is also alleged there was an ordinance establishing the grade, which has been lost or mislaid; if this is true, its contents may be established by parol. If the defendant desired to have the terms and conditions of the ordinance as expected to be proved set out, a motion for a more specific statement should have been filed.

II. The remaining grounds of demurrer in various forms present the question whether this action can be maintained,

2. MUNICIPAL corporations: charge of grade: injury to property. there being as claimed by the appellee a statutory remedy which should have been followed. If this last proposition is true, that is, if there is a statutory remedy, it will be conceded this action cannot be maintained. Public corporations being creatures of the statute, and having no powers except such as are expressly granted or necessarily and fairly implied in, or incident to, the powers

granted (1 Dillon's Municipal Corporations, § 55), it follows that it would be competent for the General Assembly to provide in terms that a city or town should not have the power to establish or grade the streets. This being true, it further follows that such power, if granted, must be exercised in the manner provided by the charter. The power to establish and grade streets in the first instance is conferred in express terms, and without qualification or limitation. Code, § 465. If there were no other statute defining and limiting such power it would be conceded that the defendant was not limited to the establishment of a single grade, but that it could alter or change the same, and the plaintiff would have no redress, however much he may have been damaged by the change, unless the work was done negligently, and because of such negligence the damages were sustained. But the statute or charter does not stop there. The power to alter and establish a grade is expressly granted.

The petition states the grade was unlawfully changed. Is this true? Section 469 of the Code provides: *First*, that the city or town may alter the established grade; *Second*, if any property owner has built in accordance with such grade, and is damaged by the alteration, the city or town shall pay said damages, which shall be assessed by three appraisers, one of whom shall be selected by the city or town, and one by the property owner, and if they disagree they shall select a third appraiser; *Third*, if the owner fails to appoint an appraiser in ten days after receiving notice to do so, the city or town shall select all the appraisers; *Fourth*, the appraisement when completed shall be returned to the city or town; and *Fifth*, the city or town authorities may confirm or annul the appointment; if annulled, all the proceedings shall be void; if confirmed, the property owner may appeal to the Circuit Court.

Under this statute the city or town may change the established grade, and may proceed to the extent of passing the required ordinance and making the necessary surveys, but if

the change will damage private property the city or town cannot excavate or fill up the streets so as to conform them to such changed grade until the damages are assessed in the manner provided. The city or town is required to serve a notice on the owner of the property affected to choose an appraiser; this was not done, nor were any appraisers appointed, nor were the damages assessed or tendered to the plaintiff in the case at bar. Without taking any of the steps required by the statute the grade was changed, and the defendant proceeded to excavate the streets and remove earth therefrom, thus causing the damages sought to be recovered. This was an unlawful act, because the granted power was not exercised in a lawful manner; this being so, an action lies. *Hempstead v. Des Moines*, 52 Iowa, 303; *Dore v. The City of Milwaukee*, 42 Wis., 18. If this be not true, then the plaintiff has no remedy, although the statute in terms declares he is entitled to damages if his property has been injured by the change of grade. It is intimated he should have invoked the aid of a court of chancery and enjoined the defendant, or by *mandamus* have compelled it to appoint appraisers. Possibly either or both of these remedies could have been adopted, but we do not think they were the only ones open to him.

Ordinarily, at least, *mandamus* will not lie where there is a plain, speedy and adequate remedy in the ordinary course of law. Code, § 3376. And this is true as to an injunction unless the injury is irreparable, and the party sought to be enjoined is insolvent. The argument that either of these remedies should have been adopted proves too much; for neither of them are contemplated by the statute which creates the right, and is said to have provided an exclusive remedy by appeal for the enforcement of such right. Suppose the appraisement was regularly made as provided by statute, and annulled by the defendant, as it had an undoubted right to do; the property owner cannot take any appeal in such case. Suppose the defendant had done so, and afterward proceeded to excavate the streets, and the plaintiff's property was thereby

injured, no appeal would lie in such case.   Is he without any remedy?   If not, what is it?   In our opinion he at least has the one adopted in this case.

If a city or town desires to confine the property owner to the statutory remedy of appeal, they must proceed as the statute directs. . Having done so, and confirmed the appraisement, it may be that an appeal is the only remedy the owner has, if he is unwilling to accept the appraisement.

Reversed.