B. B. KEISTER et al., Appellants, v. WILLI BENGTSON, Appellee.

INJUNCTION: Temporary Writ—Motion to Dissolve. On a motion to
1 dissolve a temporary injunction, the allegations of the petition will
not be taken as true.

INJUNCTION: Temporary Writ—Testimony on Motion to Dissolve.
2 Motions to dissolve temporary injunctions may very properly be
heard on oral testimony, instead of on affidavits.

FRAUD: Acts Constituting—Landlord and Tenant. Record reviewed,
3 and held insufficient to establish-fraud in the execution of a farm
lease.

PLEADING: Demurrer—Motion as Demurrer. Principle reaffirmed that
4 a motion may be so drafted as to constitute a demurrer.

*Appeal from Clinton District Court.*—F. D. LETTS, Judge.

MARCH 14, 1922.

APPEAL from order dissolving a temporary injunction. The
facts fully appear in the opinion.—*Affirmed.*

*George F. Skinner,* for appellants.

*W. H. Carroll* and *George B. Phelps,* for appellee.

ARTHUR, J.—Appellants entered into a contract with ap-
pellee on December 9, 1920, whereby they leased to appellee a
farm containing 240 acres, located in Clinton County, Iowa, for
one year beginning March 1, 1921. On February 24, 1921,
plaintiffs filed their petition, alleging:

That said lease was obtained under the representation to
the parties of the first part that the party of the second part
was financially responsible, and would take on the premises
personal property free from incumbrance, said personal prop-
erty to consist of such animals and machinery as might be neces-
sary to farm said land in a good, workmanlike manner, as pro-
vided in said lease, and in addition to all of said personal prop-
erty, take upon said land 30 cows; that all of the property

owned by the defendant is subject to liens of chattel mortgages, aggregating at least $1,000; that the defendant is now the owner of only three cows, each of which, as above stated, is subject to the liens of the chattel mortgages; that the time approaches wherein said lease begins to go into effect; and that, if the defendant is not restrained, he will violate the terms of said lease, and will take possession of the above described land without complying with the conditions therein expressed, in the respects above set forth.

Plaintiffs further allege, by an amendment to their petition, that defendant was not financially responsible, and could not take upon the premises any personal property free from incumbrance; that he did not have sufficient personal property in the form of animals and machinery to farm said land in a good, workmanlike manner, as provided in said lease; and that he did not have 30 cows, as provided in said lease he should have; and that there were existing against defendant's personal property chattel mortgages in excess of $2,000, none of which appeared to be paid and released, in the office of the recorder in said county; that, since the filing of the written petition, he has given another chattel mortgage for the sum of $1,000.

Plaintiffs prayed that a temporary injunction issue, restraining the defendant from taking possession of said farm, and that, upon final hearing in this cause, said injunction be made permanent. The petition was verified, but was not accompanied by affidavits.

Upon the foregoing petition, a writ of temporary injunction was issued, restraining the defendant from entering upon the premises. No answer was filed to the petition, but defendant filed a motion to dissolve the injunction, as follows:

"(1)   That said petition shows on its face that said action is based under and by virtue of the terms of a written lease, the provisions of which are set out and made a part of said petition.

"(2)   That said defendant herein was ready and willing and anxious to take possession of said property under and by virtue of the terms of said lease, and no part of said lease was or could have been violated at the time of the issuance of said temporary injunction, and he was prevented from taking such possession by reason of said temporary injunction.

"(3)    That said petition fails to set up facts on which testimony could be introduced showing a violation of the terms of said written lease, and wholly fails to set out a cause of action."

On the giving of notice prescribed by the court, the motion was submitted on oral testimony offered by defendant, an order being entered:

"Permission is given the defendant to introduce oral testimony at this hearing in support of the motion to dissolve the temporary injunction."

Plaintiffs objected, and excepted to the order, on the grounds that any testimony would be incompetent, irrelevant, and immaterial, because the motion raised no issue of any allegation contained in the petition.

Defendant testified:

"I executed the notes referred to in the lease. I am a married man, with a family of a wife and 12 children, 8 of the children boys. Five of them work on the farm. The oldest is 20; the next is 19; the next is 18; the next is 14; the next is 13. All drive teams and work on the farm. Three of them have been working around on the farm. The farm I worked last year was 170 acres. On the Keister farm, there are 110 acres under cultivation. I have sufficient help to work that farm properly. I have 6 horses; I have 3 cows; I have a plow and 3 cultivators; I have a disc plow, 2 mares, 1 corn binder, 1 hay loader, 1 manure spreader, 2 wagons, 3 sets of harness, corn planter; I have 5 hogs, brood sows; I have 450 bushels of corn; I have about 9 tons of hay. I arranged to get cattle, about 20. I did not arrange to get any additional cattle on the ground; there was no pasture for any more; that is all I feel I have pasture for. I am in a position to get additional cattle if I can find them. I have a mortgage on my property. I owe $130 on the mortgage. I owe that to Jess Boysen in Charlotte; the rest has been paid. That was all I owed up to the time of getting this last money to buy feed, and arranged to get my cattle. When I bought my last feed and arranged to get my cattle, I executed an additional mortgage of $1,000. That was about two or three days before the 1st of March. I have moved part of my property on the premises. I moved my machinery on the farm. I got all my corn and hay there. I was ready to move. I had in-

tended to take the farm. I am willing to take it now. I had a talk with G. W. Keister, owner of the farm, at the time of executing the lease. I did not make any representations as to my property being free from incumbrance or otherwise. When I first rented the farm I talked to G. W. Keister himself. I also talked with Mr. Dalrymple. Nothing was said about my property being mortgaged at that time. Nothing was asked me about it. I dealt with Mr. Dalrymple when I rented the farm. He is a brother-in-law of the appellants, trustees. He was the one that rented me the farm. I made no reference to him about my property being mortgaged. I did not say anything about it. I did not talk to any of the Keisters up to the time I signed the lease. I did not talk to them until after the lease was signed, I delivered the lease to Mr. Dalrymple. Dalrymple took the notes mentioned in the lease. I have been farming all my life, except four years I worked in the mines. At the present time, I am waiting to get this farm.''

O. K. Dalrymple, called as a witness for defendant, testified:

''I live in Clinton. I am by occupation a real estate dealer. The plaintiffs are my brothers-in-law. I acted on their behalf in the matter of renting this farm. I was present when the lease was executed. I had known Bengtson. At the time this lease was executed, Mr. Bengtson did not make any representations as to his personal property. He did not make any representations to the effect that he would take on the premises personal property free from incumbrance. Prior to the commencement of this injunction suit, Mr. Bengtson had moved his machinery on the farm, and it was still on the farm a few days ago. As far as I know, it is there yet. Besides the farm machinery, Mr. Bengtson has his hay and corn that he purchased out there. He bought nearly 500 bushels of corn and 10 tons of hay from the farmer who lived on the farm. I entered into an agreement with Mr. Bengtson to get other cows than those he has now, all that was necessary. This was a written agreement. I think I am in a position to get the additional cattle necessary to comply with the lease. The last mortgage Mr. Bengtson gave was to me. It was a $1,000 mortgage. That mortgage was made to enable him to comply with the lease with respect to getting cattle. He gave me a mortgage for $1,000,

and I expected to use that to aid him to get his cattle. If Mr. Bengtson is able to go on the farm, I think he will be able to take on the premises 30 head of cows. He cannot furnish them immediately, but in due course, at the time there is some grass growing there and able to take care of them. There is no pasture there yet. They will be on hand as soon as the dairy season opens.''

On the record above set forth, the motion to dissolve the temporary injunction was submitted. On the allegations found in the petition and the propositions stated in the motion, and

1. INJUNCTION: temporary writ: motion to dissolve.

on the oral testimony submitted, an order was entered dissolving the temporary injunction, from which order this appeal is taken.

We do not have the benefit of a brief and argument for appellee.

Appellants excepted to the proceedings, and complain:

(1) That defendant made no denial of any allegation of the petition.

(2) That the motion and introduction of testimony were an attempt to obtain by summary action a decision as to the equity of the case.

(3) That the petition alleges fraud.

(4) That the whole of the testimony was incompetent, immaterial, and irrelevant, being of the character tending to deny the allegations of the petition, while the motion states that the petition is of such a character that no testimony could be introduced, and wholly fails to set out a cause of action.

(5) That it does not appear from the motion that the interests of the defendant were affected to his injury.

Counsel for appellant bases his argument largely upon two propositions: (1) Should a temporary injunction have been issued in this cause? and (2) Was it proper to dissolve the temporary injunction, under the pleadings presented?

Ordinarily, the first proposition would not be important, because a temporary injunction, properly granted on a showing made at the time, may afterwards just as properly be dissolved, on a showing made in support of the motion to vacate the injunction. But in the instant case, it may be a pertinent inquiry if the motion may properly be treated as, in effect, a demurrer,

challenging the sufficiency of the petition to state a cause of action based on fraud. Appellant apparently takes the position that the petition was not traversed, and should be taken as true, for the purposes of the motion to dissolve; for he objects and excepts to the proceedings, on the ground that "the defendant made no denial of any allegation of the petition." Such position is not sound. Code Section 4361 provides:

"The defendant may move to dissolve the injunction, either before or after the filing of the answer."

Appellant objected to the order of the court permitting the defendant to support his motion to dissolve by oral testimony. Code Section 4369 provides that the application to dissolve must be "upon the ground that the order was improperly granted, or it may be founded on the answer of defendants and affidavits." In effect, the statute permits, we should say, a showing to be made by affidavits, in lieu of oral testimony. Certainly the objection that oral evidence was permitted to be adduced, instead of affidavits, was not well taken. Indeed, if defendant had made his showing by affidavits instead of orally, he might have been called in by appellant for oral cross-examination. The record does not disclose, and it is not important, whether the petition was supported by affidavits or not. The petition was verified; but appellants might have fortified their application by counter affidavits, or they might have introduced oral evidence in support of their petition. They did not do either. The testimony produced by defendant stands unchallenged. We think that the motion supported by the testimony should be accorded the same effect as if the same facts had been pleaded in an answer. Supporting this conclusion, see *Gossard Co. v. Crosby,* 132 Iowa 155.

2. INJUNCTION: temporary writ: testimony on motion to dissolve.

Above we have set forth the testimony at length, that it may be examined and considered in connection with the claim of fraud in plaintiffs' petition. The oral evidence, standing, as it does, undisputed, is a complete refutation of the so-called charge of fraud made by plaintiffs in their petition. It appears without dispute that Dalrymple transacted the business for appellants in leasing the land to appellee, and that none of the Keisters had any conversation with the defendant whatever, until after the lease

3. FRAUD: acts constituting: landlord and tenant.

was written up; and Dalrymple, as well as defendant, says that no representations were made, such as alleged in the petition. There is nothing in the lease about financial responsibility of the defendant. Concerning the cows, it is recited in the lease:

"Said second party shall keep not less than 30 cows on said premises."

That is scarcely an agreement, as appellants interpret it, that he would take 30 head of cattle onto the farm immediately when he entered thereon on the 1st day of March. It appears that defendant had arranged to buy the cows, and intended to have them on the premises by the time there was sufficient pasturage to feed them. The record does not disclose on what ground the motion to dissolve was sustained. While, as said before, we think that the motion, supported by the oral testimony, made out a complete defensive showing, the motion wherein it is said "that said petition * * * fails to set out a cause of action," together with the oral testimony, also constituted, in effect, a sustainable demurrer to the petition. *Burlington, C. R. & N. R. Co. v. Dey,* 89 Iowa 13.

4. PLEADING: demurrer: motion as demurrer.

We think the petition falls short of alleging a case based on fraudulent representation. It is claimed by the appellants that the temporary injunction was issued on the allegations: (1) That the defendant represented to the plaintiffs that he was financially responsible, when he was not; (2) that the defendant had sufficient personal property to farm said land in a good and workmanlike manner; that said representations were untrue; that he did not have sufficient personal property to so operate; (3) that he was to take to the farm 30 cows; that he had but 3 cows.

The first two allegations, as to representations of financial responsibility and as to sufficiency of personal property to carry on the farming, if such statements were made, amounted to no more than expressions of opinion. And as to the third alleged representation, that defendant was to take on the farm 30 cows, the time had not been reached for him to do that, even if he were to take the cows onto the farm on the first day of March; and neither the allegation nor the clause in the lease says that he was to take 30 cows onto the farm on the 1st of March. The

clause in the lease, with respect to the cows, is, "Said second party shall keep not less than 30 cows on said premises."

There is no allegation that appellants were induced to and did enter into the contract because of the representations made, and that they would not have so entered into the contract but for such representations. The inducement to do or not to do a certain thing in such a case is the gravamen of such an action. If we are to believe the testimony of defendant and Dalrymple, —and it is undisputed,—no facts of fraud could be alleged, because defendant, before the contract, had never talked with any of the Keisters. He had some talk with G. W. Keister shortly after the contract, but seems never to have talked at all with the appellants, trustees.

We have held many times that the granting, and also the dissolution, of a temporary injunction is largely discretionary, and will not be disturbed on appeal unless a clear case of prejudicial error is disclosed.

We do not lose sight of the sound holdings of our court and the courts of other jurisdictions that a mortgagee or a landlord may have injunctional remedy, to prevent commission of waste or fraudulent disposing of property which may impair the mortgage security or the rental security. *Garner v. Cutting,* 32 Iowa 547. We think the instant case does come within such category.

We find no reason to disturb the order below, and it is affirmed.—*Affirmed.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.