Sioux City Night Patrol, Appellant, v. A. L. Mathwig, Appellee.

No. 44213.

February 8, 1938.

Ralph C. Prichard and Carlos W. Goltz, for appellant.

Yeaman & Yeaman, for appellee.

Stiger, C. J.—Plaintiff is engaged in the business of guarding and protecting, for compensation, certain houses and properties located in Sioux City, Iowa, from burglary, trespass, and molestation in the nighttime. The business having increased to the extent that it was unable to adequately police its territory, the plaintiff, on January 15, 1935, employed defendant to patrol and protect a certain area in the city which was to be under his exclusive care except as occasion demanded that he be given assistance. Defendant was to receive $50 per month and one-half of the proceeds of new business which might be secured either by the plaintiff or the defendant. The contract of employ-

ment provided that either party could cancel the contract on 30 days notice. The contract contained the following provision:

"It is hereby further understood and agreed that in the event the services of party of second part are terminated, with party of first part, in any manner whatsoever, that party of the second part shall not engage in the business of Night Patroling or guarding of the exterior of business properties in Sioux City, Iowa, for a period of two years after the termination of this contract, it being further understood, however, that such prohibition shall not extend to, nor include, work of a night watchman, wherein all, or the chief part of the work is inside."

The contract was cancelled by plaintiff. Plaintiff brought this action alleging "that in defiance of said agreement, the said A. L. Mathwig has during the past few days solicited a number of business houses in Sioux City, Iowa, asking said business houses to hire him as a night guard for their properties and that the said A. L. Mathwig has among others solicited customers of the said Sioux City Night Patrol and business places which the said Sioux City Night Patrol has been regularly employed to protect. That the said A. L. Mathwig is asserting and threatening to engage in the business of guarding property in the nighttime of Sioux City business, companies and individuals in direct competition with the said Sioux City Night Patrol, and contrary to his agreement in the contract of employment as above stated."

Plaintiff prayed that a temporary writ of injunction issue enjoining defendant from breaching the terms of his contract and that upon final hearing the temporary injunction be made permanent. On May 21, 1936, a temporary injunction was issued by Judge Rice. On July 2, 1936, the defendant filed his answer denying the allegations of the petition and especially averring that the contract was against public policy and that plaintiff had violated the terms of the contract by refusing to pay him for his services. Further answering, the defendant denied that he had solicited any of the places with whom the plaintiff had a contract with the exception of one or two places that the defendant had watched and for which he did not receive any compensation and stated that the temporary injunction was void for the reason that the same was obtained by the plain-

tiff without any notice on the defendant. After the answer was filed, defendant on the same day, July 2, 1936, filed the following motion to dissolve the temporary injunction:

"Comes now the defendant and moves the Court to dissolve the Temporary Injunction heretofore granted in the above entitled cause:

"First. For the reason that said injunction was prematurely granted, without any notice to the defendant and without any opportunity of him being heard.

"Second. For the reason that the petition of the plaintiff shows upon its face that the plaintiff is not entitled to a writ of injunction or any equitable relief.

"Third. For the reason that the petition of the plaintiff is defective in that it fails to show that the plaintiff has no speedy and adequate remedy at law.

"Fourth. For the reason that the defendant has filed his answer to plaintiff's petition on the same date that this motion is filed and the defendant asked that said injunction be set aside for all the reasons set out in defendant's answer filed herewith and the defendant makes said answer a part of this motion by reference thereto as fully as though the same were herein set out.

"Fifth. For the reason that said injunction was granted for a violation of a purported contract attached to plaintiff's petition and marked Exhibit A, said contract showing upon its face that it is against public policy and therefore void:

"Wherefore the defendant prays that the Court fix a time and place for hearing on this motion and the length of service of notice to be given the plaintiff and upon final hearing the injunction heretofore granted be dissolved and held for naught."

The motion to dissolve was sustained generally by Judge Newby. The cause was then assigned for trial on the merits.

Prior to the trial, defendant filed a motion to dismiss plaintiff's petition on the ground that the ruling sustaining the motion of the defendant to dissolve the temporary injunction was in full force and effect, that no appeal was taken from said ruling, and, plaintiff having asked for injunctive relief only, the cause was fully adjudicated by said ruling and plaintiff's petition should be dismissed.

■■■ The motion to dismiss plaintiff's petition came on for hearing before Judge Wakefield who was called on to pass upon

the nature of the motion to dissolve and the legal effect of the order dissolving the temporary injunction made by his associate, Judge Newby. Judge Wakefield sustained the motion to dismiss plaintiff's petition. The order sustaining the motion contains the following statement:

"Thereupon it appearing to the Court, that heretofore a motion to dissolve Temporary Injunction was sustained generally by the Court, the Hon. Miles W. Newby, Judge, presiding, and that said motion to dissolve said Temporary Injunction raised issues of law only, and under the holding of the Supreme Court of Iowa in B. C. R. & N. W. Ry. Co. v. Dey, 82 Iowa 312, 48 N. W. 98, 12 L. R. A. 436, 31 Am. St. Rep. 477; Id., 89 Iowa 13, 56 N. W. 267, amounted to a demurrer to the petition, and said Motion having been sustained, as aforesaid, that there is nothing left for this court to determine, no amendment having been filed herein."

Plaintiff appealed from the order sustaining the motion to dismiss and dismissing the petition.

In the case of B. C. R. & N. W. Ry. Co. v. Dey, 82 Iowa 312, 48 N. W. 98, 12 L. R. A. 436, 31 Am. St. Rep. 477, relied on by appellee and the trial court, the plaintiff sought an injunction against the railway commissioners restraining them from establishing joint rates for transportation of freight and cars over the plaintiff's railway and connecting lines on the ground that the act authorizing the promulgating of joint rates was unconstitutional. A temporary injunction was allowed. The defendants filed a motion to dissolve the temporary injunction. The motion denied the statute assailed was unconstitutional and alleged the district court was without jurisdiction to entertain the action. No answer was filed by the defendants and the motion to dissolve presented to the court only questions of law which arose on the face of the petition for determination. No issue of fact was raised by the motion. The court held that in view of the facts the motion operated as a demurrer to the petition. The holding in the Dey case is not controlling here because the motion to dissolve the temporary injunction in the instant case can not be construed as a demurrer to the petition. As above stated, the defendant first filed an answer which denied the allegations of the petition and alleged certain special defenses to plaintiff's cause of action. Defendant did not attack

the petition by demurrer or motion to dismiss. The defendant then filed a motion to dissolve the temporary injunction which made the answer a part of the motion. It did not ask that the petition be dismissed but only asked that the temporary injunction be dissolved. It is plain that the motion to dissolve, answer having been filed, was not intended to and did not operate as a demurrer or motion to dismiss. In effect, it stated that the plaintiff was not entitled to a continuance of the temporary injunction because the defendant had filed his answer denying the material allegations of the petition.

The general rule is that where the material allegations of the petition for an injunction are fully denied in the answer, the preliminary injunction will be dissolved. Swan v. City of Indianola, 142 Iowa 731, 121 N. W. 547. The answer filed prior to the motion to dissolve the injunction tendered issues of fact, and contained substantially all the allegations found in the subsequent motion to dissolve. The motion was sustained generally and we think it apparent the trial court did not treat the motion as a demurrer to the petition or attempt in summary fashion to dispose of the issues raised by the answer, but followed the general rule and dissolved the injunction because an answer had been filed under which answer and petition the issues could be determined on the merits, and by sustaining the motion, determined only that the plaintiff was not entitled to a preliminary injunction.

■■■ Furthermore, the trial court having the above sound, adequate reason for dissolving the injunction, we can not assume that he sustained the motion to dissolve on the very questionable ground that the petition showed on its face that the plaintiff was not entitled to a writ of injunction or any equitable relief. .The petition alleges that the defendant had asserted and threatened to breach his express negative covenant and also had solicited customers of the plaintiff for their business. The contract provided that the defendant would be paid one-half of the proceeds from new business acquired by the plaintiff whether such business would be acquired by the defendant or by the plaintiff. The defendant admitted that he had solicited some of the customers of the plaintiff. The list of customers was valuable property of the plaintiff and constituted the main assets of its business. The plaintiff sought to protect this valuable asset and good will by requiring an express covenant from the defendant

that he would not engage in the business of night patroling for a period of two years after the termination of the contract. The nature of defendant's employment gave him an opportunity to obtain valuable, confidential information about his employer's business and the property of its customers which the parties contemplated, through the express covenant, would be used for the benefit of the employer during the employment and not for the benefit of the defendant for a period of two years from the termination of the contract. The allegations of the petition, if proven, made a case for injunction.

We conclude that the motion to dissolve the injunction did not operate as a demurrer to the petition, that the order dissolving the temporary injunction did not adjudicate that the plaintiff's petition did not state a cause of action against the defendant or that the contract was against public policy and void and that the motion to dismiss the plaintiff's petition should have been overruled and the case tried on its merits. As tending to sustain the conclusion reached, see Walters v. Fredericks, 11 Iowa 181; Russell v. Wilson & Co., 37 Iowa 377; Fisher v. Beard, 40 Iowa 625; Swan v. City of Indianola, 142 Iowa 731, 121 N. W. 547.—Reversed and remanded for trial.

KINTZINGER, HAMILTON, DONEGAN, MITCHELL, RICHARDS, SAGER, and MILLER, JJ., concur.