C. F. SIMMERMAKER et al., Appellants, v. INTERNATIONAL HARVESTER COMPANY et al., Appellees.

No. 45526.

846

JUNE 17, 1941.

M. C. Hamiel, for appellants.

France & France, for Phillip Liebsohn and Sid Liebsohn, appellees.

GARFIELD, J.—For an understanding of the questions involved, it will be necessary for us to summarize the pleadings. On June 30, 1939, plaintiffs-appellants filed their verified petition in equity against the International Harvester Co. alleging that appellants own certain real estate in the city of Tipton which they had leased to one Chrysler for a period of five years beginning June, 1938; that Chrysler sublet the premises to the Marak-Steffer Implement Co. who entered into possession and installed fixtures such as shelving, counters, etc., with the understanding that they should become a part of the real estate and belong to appellants; that when said fixtures were installed they became a part of the realty and appellants are the sole owners thereof; that the International Harvester Co. took from said implement company a chattel mortgage which included the fixtures owned by appellants; that said mortgagee threatens to remove the fixtures and would do so unless restrained; that appellants have no plain, speedy, and adequate remedy at law. A temporary writ restraining the removal of said fixtures was asked, ordered and issued.

On January 5, 1940, appellants, pursuant to leave asked and obtained, filed a verified amendment to their petition alleging that since the granting of the temporary writ, the Marak-Steffer Implement Co. was thrown into involuntary bankruptcy; that the trustee in bankruptcy sold the hardware stock and fixtures of the bankrupt to Phillip Liebsohn; that the fixtures in the building did not at any time belong to the bankrupt, but appellants are the unqualified owners thereof; that Liebsohn is attempting to dispose of said fixtures and will do so unless restrained therefrom. Sid Liebsohn was alleged to have some connection with Phillip. The amendment prayed for a temporary writ restraining the Liebsohns from removing the fixtures. This amendment was presented to the presiding judge who ordered the issuance of a temporary writ restraining the Liebsohns from removing the fixtures, upon the filing of a $1,000 bond, which appellants furnished.

On January 12, 1940, the Liebsohns (herein referred to as appellees) without having filed any answer, filed a motion to strike the amendment, and to dissolve the temporary injunction. The motion, which was not verified, contains no denial of any of the allegations of the petition or amendment but alleges that the International Harvester Co. waived the mortgage executed to it by the bankrupt and turned the property over to the trustee in bankruptcy. Appellees' motion further states that the amendment to petition shows upon its face that the Marak-Steffer Implement Co. is now an involuntary bankrupt and that the trustee in bankruptcy has taken possession of the assets of the company and that any claim appellants might have against appellees is solely cognizable in the bankruptcy court.

On February 15, 1940, appellants filed written objections to proceeding to a hearing on the motion to dissolve the injunction mainly because the allegations of the petition as amended were in no manner denied. These objections were overruled, whereupon appellants filed a long resistance to appellees' motion to strike and dissolve the injunction, in which the allegations of the motion are denied. It was also alleged that the fixtures involved were not listed in the bankruptcy schedules and that no proceedings were had in the bankruptcy court to secure title to the fixtures.

848

Appellees' motion to strike and dissolve was argued and submitted on February 15, 1940. No evidence was offered in support thereof. On August 10, 1940, the trial court sustained the motion, from which ruling and judgment plaintiffs have appealed.

A large part of appellants' brief is devoted to the contention that the motion to dissolve the injunction should be considered as a demurrer to appellants' petition as amended. There is considerable authority for the proposition that in the absence of any answer or any evidence, a motion to dissolve a restraining order admits the allegations of the petition and the motion is in effect a demurrer. II High on Injunctions, 4th Ed., 1476, section 1470; 32 C. J. 427, section 731½; 28 Am. Jur. 490, section 319. Appellants admit that this rule has probably never before been expressly recognized by this court. Our statute, section 12524, Code, 1939, provides that a motion to dissolve the injunction may be made "either before or after the filing of the answer." It was said in Keister v. Bengtson, 193 Iowa 425, 430, 187 N. W. 4, that the rule contended for by appellants does not apply in this state, by virtue of this statute. It is to be noticed that in the Keister case, however, evidence was heard in support of the motion to dissolve. This question is dealt with in B. C. R. & N. Ry. Co. v. Dey, 82 Iowa 312, 343, 48 N. W. 98, 31 Am. St. Rep. 477, 12 L. R. A. 436, and Hayes v. Billings, 69 Iowa 387, 28 N. W. 652. The Hayes case recognizes that ordinarily an injunction will not be dissolved even after the filing of an answer, where the allegations of the petition are not denied by that answer. This is the rule generally. II High on Injunctions, 4th Ed., 1477, section 1471. The latest pronouncement of this court dealing with the question is Sioux City Night Patrol v. Mathwig, 224 Iowa 748, 277 N. W. 457, where an answer was filed denying the allegations of the petition and the court concluded that a subsequent motion to dissolve should not be treated as a demurrer.

Appellees concede in their written brief on more than one occasion that their motion to strike and dismiss "is in effect a motion to dismiss or an equitable demurrer." Since both parties to the case treat the motion as a demurrer, we are justified in so doing. It follows that appellees' motion should not have been sustained unless appellants' petition as amended fails to state a

cause of action entitling them to the restraining order as against appellees.

It is well recognized that the ruling on a motion to dissolve a temporary injunction rests largely in the discretion of the trial court. Keister v. Bengtson, supra (see page 432 of 193 Iowa, page 7 of 187 N. W.). We have recognized, however, that "this rule does not apply to cases involving questions of law arising upon the face of the petition itself." B. C. R. & N. Ry. Co. v. Dey, supra (see page 344 of 82 Iowa, page 106 of 48 N. W.). It is also well settled that on a motion to dissolve a temporary restraining order prior to trial upon the merits, the burden rests upon the defendant. II High on Injunctions, 4th Ed., 1476, section 1470; 28 Am. Jur. 491, section 320; 32 C. J. 426, section 731.

We hold that the trial court was in error in striking the amendment to the petition and in dissolving the injunction on the strength of a mere unverified motion containing no denial of appellants' allegations and without the filing of an answer or the introduction of evidence. No theory is advanced and none occurs to us on which the ruling can be sustained.

Appellees attempt to defend the ruling of the trial court, first, because a copy of the lease between appellants and the original lessee, Chrysler, is not attached to the petition. Our attention is called to section 11129, Code, 1939, providing that no pleading which "refers to a contract shall be sufficiently specific unless it states whether it is in writing or not." It is sufficient to say that appellees filed no motion for more specific statement. Noyes v. Mason City, 53 Iowa 418, 419, 5 N. W. 593; Thompson v. Cook, 21 Iowa 472. Attention is also called to Code section 11141, subsection 6, providing that one of the grounds of demurrer is the absence from a pleading of a copy of the writing on which the cause of action is founded. No complaint was made in the trial court because copy of the lease was not attached to the petition. Furthermore, the contention is without merit. Appellants' cause of action is not founded on the lease made with Chrysler. The gist of the cause of action is that Marak-Steffer Implement Co. installed fixtures in appellants' building with the understanding that they should become a part of the real estate

and that appellants should be the owners thereof, that appellees make claim to the fixtures and are threatening to remove the same. The lease with Chrysler is not more than incidental or collateral to the cause of action pleaded. Harwood & C. F. & M. Ry. Co. v. Case, 37 Iowa 692, 700, 701; Barney v. Buena Vista County, 33 Iowa 261, 263.

▮ The remaining attempt of appellees to sustain the order appealed from is that appellants' claim against appellees should have been made in the bankruptcy court. This contention is likewise without merit. Since we are at liberty, by reason of appellees' concession that their motion is to be treated as a demurrer, to accept as true the allegations of appellants' petition, these fixtures form no part of the assets of the bankrupt estate. The trustee had no claim thereto and could pass no title to appellees. "The trustee takes, of course, no title to property which did not belong to the bankrupt, although he may have been in possession thereof." 8 C. J. S. 621, section 169(a). It is to be observed that neither the bankrupt nor the trustee in bankruptcy questions the jurisdiction of the district court to entertain this suit. Appellees are purchasers at bankruptcy sale of property which for purposes of this appeal we must assume is owned by appellants. We know of no reason why the bankruptcy court is interested in this controversy between two rival claimants to the property, neither of whom is the bankrupt, his trustee, nor any creditor. See Sargent v. Helton, 115 U. S. 348, 6 S. Ct. 78, 29 L. Ed. 412.

Appellants have appealed from the overruling by the trial court of their objections to proceeding to a hearing on appellees' motion before answer was filed. We are not disposed to interfere with this ruling. As before stated, the statute (section 12524) permits a motion to dissolve before answer. The error of the court was not in hearing the motion, but in sustaining it.

We express no opinion as to the rights of the parties upon the trial of the case. The trial court was in error in sustaining appellees' motion and its ruling and judgment are hereby reversed.—Reversed.

CHIEF JUSTICE and all JUSTICES concur.