## The D. M. V. Live Stock Insurance Co. v. Henderson.

1. **Practice**: CORPORATIONS: SECURITY FOR COSTS. The provisions of Section 3442, of the Revision, are not confined to foreign corporations. A domestic corporation may be required to give security for costs.

2. ———: ———: AFFIDAVIT. The affidavit annexed to a motion for security for costs need not set out the facts constituting the defense, but only that the party filing it has a good defense.

3. ———: ———: ———. Where the petition states that the plaintiff is a corporation, the affidavit for rule to secure costs need not aver it. ·

4. ———: BOND: TIME FOR FILING. The time fixed by the court within which a bond for costs must be filed will be deemed sufficient, unless it is made to appear that the plaintiff suffered prejudice from the order.

5. ———: AFFIDAVIT: APPEAL. If specific objections are made to the affidavit in the court below, any others which might have been urged, but were not, will be deemed waived.

6. ———: APPEAL: ORDER TO SECURE COSTS: DISMISSAL. An appeal from an order to secure costs upon notice served before the expiration of the time for filing bond, is premature.  Dismissal is the penalty for non-compliance with such order.

7. ———: ———: ———. When an appeal has been taken from an order to secure costs, the Supreme Court will sustain the court below in dismissing the cause without fixing a further time for filing a bond, if such neglect works no substantial prejudice to plaintiff.

*Appeal from Webster Circuit Court.*

Thursday, June 11.

The plaintiff filed a petition stating that it is a corporation duly organized under the laws of the State, and claiming of defendant the amount of two promissory notes, each given for the sum of $9.00.

The defendant filed a motion for security for costs supported by an affidavit as follows:

" I, Charles Birge, being duly sworn do say that I am the attorney for the defendant above named; that said defendant has a good defense to the whole of this action, and that this action is brought by the plaintiff as a corporation, and that I know the facts herein stated of my own knowledge.

CHARLES BIRGE.

Subscribed in my presence and sworn to by said Charles Birge, this 6th day of August, 1873.

GUS T. PETERSON, *Notary Public.*

On the 7th day of August, 1873, this motion came on to be heard, and the court stated that the affidavit was insufficient in not stating the grounds of defendant's defense. Defendant's counsel obtained leave to amend the affidavit, and did so by erasure, interlineation, and additions upon the margin of the same paper, which affidavit as erased, interlined and added to, was as follows:

" I, Charles Birge, being duly sworn, do say that I am the attorney for defendant above named, that said defendant is a non-resident of this county, and cannot be present to make this affidavit; that he has a good defense to the whole of this action, that the note sued upon is wholly without consideration and void, and that this action is brought by plaintiff as a corporation, and that I know the facts herein stated of my own knowledge; that affiant is informed and believes that the note was procured under the false and fraudulent representations of parties representing themselves agents of pretended plaintiff, who were without authority in law or fact to so act; that the said note was given for the issuance of a policy by said pretended plaintiff; that said plaintiff has wholly failed to issue and deliver said policy.

CHARLES BIRGE.

Subscribed in my presence and sworn to by said Charles Birge, this 6th day of August, 1873.

GUS T. PETERSON, *Notary Public.*"

Thereupon, on the 9th day of August, the court sustained the motion, and ordered plaintiff to file a bond in the sum of $50.00.

Plaintiff asked ten days within which to file said bond which the court refused, and directed the bond to be filed by the morning of the sixth day of the term, to all of which plaintiff excepted. On the same day plaintiff perfected an appeal by serving the proper notices.

Afterward, on the 13th day of August, defendant filed a motion to dismiss the action, because of the non-compliance with the order requiring security for costs to be given.

This motion was sustained, and from this also plaintiff appeals.

*Theodore Hawley*, for appellant.

*Charles Birge* and *Duncombe, O'Connell & Springer*, for appellee.

DAY, J.—I. It is urged by appellant that, under section 3442 of the Revision, a foreign corporation only can be required to give security for costs.

The statute does not so read. It provides that, under certain circumstances, the plaintiff, if he be a non-resident of this State, or a corporation, shall file a bond for the payment of the costs which may accrue. The language is plain and unambiguous. We have no warrant for the interpolation of a word, which would entirely change its meaning.

1. PRACTICE: corporations: security for cost.

II. It is claimed that the court erred in permitting an amendment of the affidavit, in allowing it to be amended by erasure, intelineation and addition, and in considering the amended affidavit, inasmuch as it was not sworn to after the changes were made. We deem it unnecessary to consider any of these objections. We regard the original affidavit a sufficient compliance with the statute, and that if there was error in allowing and considering the amendment, it was error without prejudice.

2. ——: ——: affidavit.

Section 3442 of the Revision provides, that if a defendant shall at any time before answering file an affidavit, stating that he has a good defense in whole or in part, the plaintiff if he be a non-resident or a corporation, before any further proceeding in the cause, shall file in the Clerk's office a bond, etc.

It is not required that the facts constituting this defense shall be set out in this affidavit. If such were to be done there would be no propriety in requiring the affidavit to be filed

before answer. It would be better that the defendant should first be required to answer, in order that the court might from that determine whether the facts constituted a good defense. But the purpose of the section seems to be to arrest all proceedings, even the determination as matter of law by the court whether defendant has a good defense, until the bond required is filed. It is true § 3448 provides that the facts supporting the motion must be shown by affidavits. But it also provides that they may be responded to by affidavits. Now certainly it was not intended that the court should determine the truth of the facts constituting the defense; in other words, try the case upon affidavits, before passing upon the motion.

This section must refer to the condition of the plaintiff, as that he is a non-resident, a corporation, or has become a non-resident since the commencement of the suit. These facts may be controverted by the plaintiff.

But as to the defense, it seems to us that it is only necessary that defendant should, in the language of § 3442, file an affidavit stating that he has a good defense.

III. It is further objected that the affidavit does not in terms state that plaintiff is a corporation. This statement, under the circumstances of this case, is not necessary. The petition states that the plaintiff is a corporation duly organized under the laws of this State. The name fully indicates that plaintiff is not a natural person. If not a corporation, plaintiff has no right to maintain this action.

There can be no necessity that the affidavit should state that which, as against the plaintiff, appears conclusively of record.

IV. It is claimed that the court abused the discretion reposed in it, in that it did not allow further time for the preparation and filing of the bond. It does not, however, appear that plaintiff was in any way prejudiced by this order. If the condition and circumstances of plaintiff were such as to render further time necessary, and that fact had been made to appear to the court below, more time should have been given. But no such fact appears in the case.

3. ——:bond: time for filing.

V. It is further objected that the affidavit was sworn to by defendant's attorney, and not by defendant in person. Respecting this it is sufficient to say that whilst various objections were made in the court below, to the consideration of the affidavit, the one now urged was not presented.

4. ———: affidavit : appeal.

By pointing out specific objections, and omitting the mention of this, plaintiff must be regarded as having waived it, even if it be conceded to be a valid objection, which we do not now determine.

VI. It is further claimed that the court erred in dismissing the action on motion of defendant, after plaintiff had given notice of appeal.

The notice of appeal was served on the day that the court ruled the plaintiff to secure the costs, and before the expiration of the time given for that purpose. Such an appeal was premature. It would be waived by complying with the order for securing costs. The dismissal of the action is the penalty which the law affixes to a disobedience of the order. Revision, § 3443. Until plaintiff had positively indicated his election not to secure the costs, and had suffered the consequences of his refusal, he was not in a condition to appeal.

5. ———: appeal : order to secure costs : dismissal.

An order that plaintiff secure the costs, without more, is not an order from which an appeal can be taken. It does not fall under any of the provisions of § 2632 of the Revision.

VII. Lastly, it is urged that the court erred in dismissing the action without fixing a time, after the filing of the motion to dismiss, within which the bond should be filed.

The order of the court does not technically comply with the provisions of § 3443 of the Revision. Yet we think the cause should not, for that reason be reversed.

The court did, when it passed upon the motion for security of costs, fix a time within which the bond should be filed, which elapsed several days before the motion to dismiss was filed. The whole course of plaintiff, as indicated in the premature service of notice of appeal, evinces a determination not to

file the bond, and shows that no substantial prejudice resulted from a failure a second time to fix a period for filing it.

The plaintiff might have had such time fixed if it had so desired, and had called the attention of the court to that fact.

If plaintiff had moved to set aside the order of dismissal, and had offered to file the bond, its standing here would be quite different.

We discover no error, to plaintiff's prejudice, in the record.

AFFIRMED.