## J. S. REED v. THE CITY OF MUSCATINE, Appellant.

104  183
105  525
105  620
104  183
106  22
104  183
108  367
104  183
109  226
104  183
f110  244
104  183
111  463
111  597
104  183
122  350
104  183
126  317
104  183
127  137
104  183
130  718

OBJECTION BELOW. An objection that plaintiff in an action for personal injuries caused by a defective street did not give notice of the accident to the city within six months as required by Acts

1  Twenty-second General Assembly, chapter 25, section 1, cannot be first taken on appeal, on the ground that such notice is jurisdictional and may be raised at any time; as the court has jurisdiction of the general subject, and lack of the jurisdiction of the particular case cannot be first raised on appeal.

Appeal: ASSIGNMENT OF ERROR. An assignment on a motion for a new trial, that the verdict is not sustained by sufficient evidence,

2  does not sufficiently present the objection that notice of the injury to the plaintiff by a defect in the street of the defendant city was not given within six months as required by Acts Twenty-second General Assembly, chapter 25, section 1.

*Appeal from Muscatine District Court.—HON. A. J. HOUSE, Judge.*

SATURDAY, DECEMBER 18, 1897.

ACTION at law to recover damages for personal injuries sustained by plaintiff while driving along one of the streets of the defendant city,—due, as is alleged, to a defect therein for which defendant is responsible. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*E. F. Richman* and *J. F. Devitt* for appellant.

*Titus & Jackson* and *J. R. Hanley* for appellee.

DEEMER, J.—There is but one question in the case which is of sufficient importance to be noticed in an

opinion. The petition was filed on the twenty-second day of March, 1895; and it is alleged that the injury occurred on the twenty-fourth day of August, 1894,—more than six months prior to the filing of the petition. There is no allegation that plaintiff gave the defendant notice of the happening of the accident, as required by section 1, chapter 25, Acts Twenty-second General Assembly. Defendant did not demur to the petition, nor did it raise the question of want of notice, in any manner, in the trial court. It has filed in this court, however, what its counsel have seen fit to denominate a "motion to reverse the judgment and dismiss the case." This motion is bottomed upon the proposition that the notice is jurisdictional, and that in the absence of allegations that notice was given, the trial court had no right or authority to hear the case, and that, as the question is jurisdictional, it may be raised for the first time in this court. "Jurisdiction" has been defined to be the "power to hear and determine the subject-matter in controversy between parties to a suit; to adjudicate or exercise any judicial power over them." *Rhode Island v. Massachusetts*, 12 Pet. 718. It is conceded that the court had jurisdiction over the parties, but it is argued that it had no jurisdiction over the subject-matter. The subject-matter is that right which one party claims against the other, and demands judgment of the court upon. *Jacobson v. Miller*, 41 Mich. 93 (1 N. W. Rep. 1013). In this case it was the right which plaintiff had to compensation for injuries received through the negligence of the defendant. The district court had the right to consider the question, and therefore had jurisdiction of the subject-matter. In determining such questions, it is important to distinguish between jurisdiction of the general subject and jurisdiction of the particular subject; for, if it be found that the case under consideration belongs to the former class, then it is within the jurisdiction of

the court, and neither insufficiency of allegation nor informality in proceedings will affect that jurisdiction. See Brown, Jurisdiction, section 1; *Yates v. Lansing*, 5 Johns. 282; *Hunt v. Hunt*, 72 N. Y. 217. As said by Judge Elliott in his work on General Practice (volume 1, section 240), "Where there is authority to make a judicial inquiry, there is jurisdiction, and it is evident that this authority exists wherever there is power over a general class of cases." The distinction is also pointed out in Brown, Jurisdiction, section 10. Objections to the jurisdiction of the general subject may be made at any stage of the proceedings, for they cannot be waived. But, as a general rule, if there is jurisdiction of the general subject there may be waiver of objections to the jurisdiction of the particular subject. That is to say, if the court has the right to decide the general class of cases to which the one in question belongs, its decision, although erroneous, cannot be collaterally attacked, and, if no objection or exception be taken it will be considered as waived. The difference between a right to decide and a right decision clearly and briefly illustrates the distinction we are trying to elucidate. We have a case where there is unquestioned authority over the general subject, but it is claimed that there is no jurisdiction of the particular case, because of the absence of allegations as to notice. Such objection does not go to the jurisdiction of the subject-matter, but rather to the correctness of the decision in the particular case, and cannot be raised for the first time in this court. Plaintiff's failure to give notice simply affects his right to recover, and does not go to the jurisdiction of the court. The case is quite like that of *Sheel v. City of Appleton*, 49 Wis. 125 (5 N. W. Rep. 27), wherein it is held that failure to give notice simply affects the plaintiff's right to sue, and does not deprive the court of jurisdiction of the subject-matter. See, also, *Gould v. Hurto*, 61 Iowa, 47; *Bridgman v. Wilcut*, 4

G. Greene, 563; *Oskaloosa College v. W. U. Fuel Co.*, 90 Iowa, 387. None of the authorities relied upon by appellant announce a contrary doctrine. In each and every of them the question was raised in the trial court by demurrer, motion in arrest, or otherwise. The motion to reverse and dismiss is overruled.

Counsel present the same question in their brief as a reason for reversing the judgment. It is insisted that want of notice was raised by the motion for a new trial, under the assignment that' "the verdict is not sustained by sufficient evidence." We do not think that this was sufficiently specific, but, if it was, the assignments of error do not properly raise the question. *Duncombe v. Power*, 75 Iowa, 185; *Insurance Co. v. Henderson*, 38 Iowa, 450. Counsel also argue that it was not necessary to raise the question in the trial court, and cite us chapter 96, Acts Twenty-fifth General Assembly, which says that "no pleading shall be held sufficient on account of a failure to demur thereto," and also strikes out a provision of the Code of 1873, to the effect that, if an objection to a pleading is not raised by demurrer or waiver, it shall be deemed waived. We have heretofore held, in at least two cases, that, notwithstanding the provisions of this act, questions not made in the court below will not be considered on appeal. *Boyd v. Watson*, 101 Iowa, 214; *Weis v. Morris*, 102 Iowa, 327. No prejudicial error appears, and the judgment is AFFIRMED.