LUCIE W. HITT, H. P. GALPIN, Administrator, with will annexed substituted as plaintiff, Appellant, v. STERLING-GOOLD MANUFACTURING COMPANY *et al.,* Defendants. FIRST NAT. BANK, GERMAN-AMERICAN SAVINGS BANK AND W. H. PERRY, Interveners.

**Witnesses:** COMPETENCY: *Stockholders.* A stockholder in a corporation is not a person interested in the result of a contest between two creditors, to each of whom the corporation is indebted, within Code, section 4604, rendering such a person incompetent as a witness to a transaction with the defendant.

HUSBAND AND WIFE: *Divorce.* One divorced from his wife is not incompetent as a witness, under Code, section 4604, providing that the evidence of a husband of a party to an action or of a person interested in the result, to a personal transaction with one deceased shall not be received against the executor or administrator or deceased; nor under section 4606, providing that neither husband nor wife shall be a witness against the other.

SAME. Under Code, section 4607, which prohibits the testimony of husband and wife as to communications made by one to the other even after the marriage has been terminated, it is, at

least, doubtful whether the testimony of a divorced husband concerning an agreement made by him as agent of his wife, to withhold a mortgage belonging to her from record, is inadmissible, for such testimony may not involve any communication between husband and wife.

**Contracts:** OFFICER AND STOCKHOLDER WITH CORPORATION. For one who is a stockholder in and secretary of a corporation, but not on its board of directors, to make an agreement with the board, is not to make an agreement with himself.

**Assignment for Benefit of Creditors:** STANDING OF INTERVENERS TO ATTACK. Where a mortgage is valid against the assignee for the benefit of creditors of the mortgagor, and is attacked by subsequent creditors solely on the ground of fraudulent agreement between the mortgagor and mortgagee whereby the mortgage was withheld from record to give the mortgagor a fictitious credit, such creditors may attack the mortgage by intervening in the suit to foreclose it, and this, though their judgments were subsequent to the assignment, so that they did not become liens on the land, and no execution is thereafter levied on the property or returned *nulla bona*.

**Intervention:** GENERAL DENIAL: *Burden of proof.* A general denial to a petition in intervention, on foreclosure, puts interveners on proof of every fact essential to authorize the relief sought.

**Appeal:** OBJECTION BELOW. Objection that intervention was not timely cannot be made for the first time on appeal.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

FRIDAY, MAY 18, 1900.

LUCIE W. HITT brought an action against the defendant company to foreclose a mortgage executed to her by said company on certain real estate. L. W. Meyers, assignee of the company for the benefit of creditors, was also made a party defendant, and filed an answer in his own behalf. March 4, 1897, a judgment and decree of foreclosure by default in that action were rendered against the Sterling-Goold Manufacturing Company, and the cause stood continued as to Meyers, assignee. Later, W. H. Perry, the German-American Savings Bank, and the First National Bank,

judgment creditors of the Sterling-Goold· Company, intervened, claiming that the mortgage to plaintiff was fraudulent, and asking that their judgments be declared liens on the mortgaged property. There was a decree in interveners' favor, and plaintiff appeals.—*Affirmed.*

*E. T. Bedell* and *Ira T. Martin* for appellant.

*Sammis & Scott* for appellees.

WATERMAN, J.—Lucie W. Hitt died after the action was begun, and H. B. Galpin, administrator with her will annexed, was substituted as plaintiff. At the threshold of this case we find the question of the interveners' standing to attack the validity of this mortgage. Appellees claim the pleadings do not present this issue. A general denial was interposed to the petition in intervention. We think this put the interveners on proof of every fact essential to authorize the relief sought. They had alleged the making of the general assignment, and the burden was upon them to show facts authorizing a decree as against the rights of the assignee. The record does not disclose that these claims were ever filed with the assignee. The assignment was made, as we have said, in 1895; the judgments of interveners were obtained in 1897. The arguments made do not set out very fully the grounds for the claims of the respective parties. Taking the record as our guide, we should say plaintiff's contention is that the title to this real estate passed to the assignee by the deed of assignment. When the judgments were rendered against the Sterling-Goold Company, they did not become liens on the real estate, and no levy of execution has since been made thereon. The interveners, therefore, have no liens. Not having attacked the assignment, they must be deemed· to recognize and assent to its validity. If any right exists to attack the mortgage, it must reside in the assignee, and, if exercised, will be for the benefit of all creditors,—citing

*Schaller v. Wright,* 70 Iowa, 667. This is appellant's position, as we understand it, and the answer to it seems to us plain under the facts here disclosed. The mortgage is valid as against the assignee. It was made for a lawful purpose, and upon a valuable consideration, and is attacked by these subsequent creditors solely on the ground of a fraudulent agreement between the mortgagor and mortgagee by which the instrument was withheld from record in order to give the debtor a fictitious credit. If these interveners cannot proceed in this manner outside the assignment, the proceeds of this property to the extent of the amount due on the mortgage will be wholly lost to them. The insolvency of the Sterling-Goold Company is conceded. Therefore, under our practice, the judgment creditors were not required to have an execution returned *nulla bona,* in order to file creditors' bills. *Gordon v. Worthley,* 48 Iowa, 429. When interveners obtained these judgments, they had a right to proceed in equity to establish a lien upon property fraudulently conveyed by their debtor. *Loving v. Pairo,* 10 Iowa, 282; *Miller v. Dayton,* 47 Iowa, 312; Waite, Fraudulent Conveyance, section 73. While the creditor may levy execution on property which his debtor has fraudulently conveyed (*Harrison v. Kramer,* 3 Iowa, 543), he is not obliged to do so, but may proceed in equity to have the property subjected to his judgment. *Bridgeman v. McKissick,* 15 Iowa, 260. What is sought here in no way conflicts with any right of the assignee, nor is the relief of such a character that it could be obtained through him. The right claimed by these creditors would concededly exist if there was no assignment. How, then, is it destroyed when no interest vests in the assignee that in any way conflicts with such right, or with the assertion of it, in the manner here pursued? In our opinion, interveners have a proper standing in court to seek the relief asked.

II. Objection is made to the testimony offered to prove the fraud. Treat, who was the husband of plaintiff at

the time the mortgage was made, was introduced by the creditor, to prove the agreement to withhold the mortgage from record. His testimony was objected to as in violation of sections 4604-4607 of the Code, and for other reasons, which will be noticed. The first section mentioned provides that the evidence of a party to an action, or a person interested in the result, or the husband or wife of such party or person, to a personal transaction with one deceased, shall not be received as against the executor or administrator of such decedent. Treat was not the husband of plaintiff when he testified or when this action was begun. He had been divorced. He was a stockholder in the Sterling-Goold Company, but he cannot be said to have any interest in the result of this action, because this is a contest between two creditors, to each of whom the corporation is indebted. Section 4606 provides that in cases of this kind neither husband nor wife shall be a witness against the other, and section 4607 forbids their testifying to communications made by one to the other even after the marriage relation has ceased to exist. Section 4606 does not apply if the marriage relation has been severed when the witness is offered. *Parcell v. McReynolds,* 71 Iowa, 623. Under section 4607 much of Treat's evidence should be excluded, but he was indisputably his wife's agent in the transaction of making the loan and taking the mortgage. His own testimony is sufficient, perhaps, to establish this fact. *O'Leary v. Insurance Co.,* 100 Iowa, 390. The objection to the question calling for the fact of agency seems to be based upon section 4604, and not upon section 4607. For the reasons already stated, it is not violative of the first section. It may well be doubted whether it is contrary to section 4607; for, while it is a transaction, it may not have been a communication. *Hanks v. Van Garder,* 59 Iowa, 179. Aside from these considerations there was ample evidence from other witnesses to the fact that Treat acted for his wife in all her financial

transactions; that he was her general agent in matters of this kind. The fact of agency being shown, the terms upon which Treat took this mortgage, as assented to by the mortgagor, are adequate to establish the fraud, and these terms are sufficiently shown outside of Treat's testimony. The agent's agreement is, of course, binding on the principal. Some claim is made that Treat, as agent for his wife, could not make an agreement with himself (for he was secretary of the Sterling-Goold Company) to withhold the mortgage from record. This is not what was done. The negotiations and agreement were between Treat, as agent for his wife, and the board of directors of the company, and neither Treat nor his wife, who was also a stockholder, was upon the board. As well might it be said that Mrs. Treat's mortgage is not valid because she, being a stockholder, could not agree with herself. The claims of interveners accrued after the making of this mortgage, and before it was recorded. The evidence shows they were unaware of its existence, and extended credit in the belief that the real estate was unincumbered. The fraud is sufficiently shown.

III. Finally, it is insisted that the intervention was not timely; that a decree had been rendered when these petitions were filed. The case was still pending against the assignee when intervention was had, but it is sufficient to dispose of this point that no such question was raised in the trial court. *Reed v. City of Muscatine,* 104 Iowa, 183. The decree of the trial court is AFFIRMED.