A. L. STUTZMAN, Appellant, v. PEOPLES TRUST & SAVINGS BANK OF OSKALOOSA, Appellee.

FEBRUARY 14, 1928.

*C. C. Orvis,* for appellant.

*McCoy & McCoy,* for appellee.

MORLING, J.—On August 9, 1920, plaintiff's wife procured decree of divorce and for $7,000 alimony, of which $1,000 was settled. On March 1, 1921, plaintiff and his former wife, with a view to remarriage, entered into an antenuptial contract, which provided that the unpaid alimony ''is herein canceled and set aside and held for naught.'' Plaintiff agreed to furnish a home,

and that, if his wife should outlive him, she should have out of his estate an amount equal to the alimony unpaid, if he left that much. The parties thereupon remarried. Plaintiff was in financial difficulties. S. V. Reynolds was his attorney. Plaintiff, through Reynolds, proposed to his creditors to convey for their benefit a farm. Among the claims listed by plaintiff to the creditors to be paid out of the proceeds of the farm was the $6,000 judgment as due and held by his wife. The judgment had not been released of record. The proposition was accepted. For this $6,000 a certificate of deposit, dated February 1, 1922, in the First National Bank of New Sharon, was issued, reciting that "Edith Stutzman [plaintiff's wife] has this day deposited with this bank six thousand dollars ($6,000) payable to the order of S. V. Reynolds, her attorney,"—proceeding in ordinary form. Arrangements were made for the purchase of a home, in consequence of which Reynolds surrendered to the issuing bank the $6,000 certificate, and used $3,000 of it in paying for the home and commission, as to which no question is raised. For the other $3,000 Reynolds took from the New Sharon Bank three certificates of deposit, dated March 25, 1922, each reciting that S. V. Reynolds had deposited $1,000, payable to himself. Later, Reynolds pledged these three certificates to the defendant bank as collateral security for his individual indebtedness of a much larger amount. Reynolds satisfied of record the judgment for alimony February 4, 1922. Reynolds died in December, 1922. After Reynolds' death, the defendant applied the $3,000 in certificates on Reynolds' notes. An administrator of the Reynolds estate was appointed. On September 23, 1925, plaintiff filed his petition in this action, alleging that the judgment was his property; that the $6,000 was the proceeds of it; that it was deposited in Reynolds' name without his knowledge or consent; that the $6,000 certificate was surrendered and the three new certificates issued in lieu thereof, and without the knowledge or consent of the plaintiff were issued to Reynolds; that Reynolds deposited them with defendant as collateral to his own debts to defendant; that defendant knew that Reynolds had no right to them, and that they were the property of the plaintiff; that defendant has converted the three certificates. In an amendment, plaintiff alleges that Reynolds took the $6,000 certificate payable to himself in breach of faith, and the three $1,000 certi-

ficates in violation of plaintiff's instructions. In an amendment, plaintiff alleges that he is now and always has been the unqualified and absolute owner of the certificates, and that Reynolds at no time was the owner of any interest in them; that Reynolds had authority only to receive the money and deposit it for the use of plaintiff; that the certificates were left with Reynolds only for safe-keeping; that Reynolds in taking the certificates perpetrated a fraud on plaintiff. Plaintiff makes many other allegations, that need not be referred to. Meantime, plaintiff procured a divorce from his wife. At the trial of the case now under review, she testified, over plaintiff's objections to her competency, that plaintiff "was having financial difficulties with his creditors, and had had for about one year;" that Reynolds "told us the farm was gone, and everything, but by working real hard he would save us a home out of the wreckage, and he would charge half. Mr. Stutzman agreed to it. He said he thought he would earn it, if he could save it for us;" that with reference to the $6,000 certificate Reynolds "said $3,000 was to go into the home, and the other $3,000 he was going to keep for attorney's fees."

No question of pleading has been raised in either court.

Plaintiff's former wife was not incompetent as a witness. The marriage relationship when she testified had been dissolved. *Hitt v. Sterling-Goold Mfg. Co.*, 111 Iowa 458. The communications testified to by her were between plaintiff and a third person. They were not marital communications, and not privileged. *Sexton v. Sexton*, 129 Iowa 487; *State v. Middleham*, 62 Iowa 150; 28 Ruling Case Law 526 *et seq.*; 40 Cyc. 2359. The certificates of deposit were payable to, in the possession of, and owned by, Reynolds. Plaintiff has failed to show any right whatever in them.—*Affirmed.*

STEVENS, C. J., and FAVILLE, DE GRAFF, and ALBERT, JJ., concur.

WAGNER, J., not participating.