**James R. SPEED, Appellant,**

v.

**James G. BEURLE et al., Appellees.**

No. 2–57781.

Supreme Court of Iowa.

March 16, 1977.

James P. Hayes, of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellant.

James R. Snyder, of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee James G. Beurle.

David L. Hammer, of O'Connor, Thomas, Wright, Hammer, Bertsch & Norby, of Dubuque, for appellee E. L. Lorson.

Paul Moser, Jr., Des Moines, for appellee Edward Sujansky.

William M. Tucker, of Shulman, Phelan, Tucker, Boyle & Mullen, Iowa City, for appellee W. D. Paul.

Thomas F. Daley, Jr., of Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellee Robert G. German.

Heard before MOORE, C. J., and MASON, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

The question is whether § 25A.8, The Code, bars an action for punitive damages by a plaintiff who previously recovered compensatory damages for the same injuries under chapter 25A, The Code, (the state tort claims act). In *Speed v. State*, 240 N.W.2d 901 (Iowa 1976) we affirmed an award of $750,000 in favor of James R. Speed (plaintiff) against the State of Iowa. The award was a result of what the trial court found to be negligent medical treatment resulting in plaintiff's blindness. The same treatment and the same injuries are the subject of the instant case.

Under § 25A.4, The Code, punitive damages are not allowed in state tort claims actions. Plaintiff, by filing two separate actions, attempted to pursue his remedy under chapter 25A and at the same time seek punitive damages against the physicians whose negligence gave rise to his earlier recovery.

On August 10, 1972 plaintiff began his first action by filing a notice of claim with the state appeal board under the state tort claims act. In that claim plaintiff sought $3,500,000 because of the alleged malpractice of certain physicians at the University of Iowa Hospitals.

On October 24, 1972 plaintiff filed the present action against defendant physicians James C. Beurle, E. L. Lorson, Edward Sujansky, and W. D. Paul in their individual capacities. On November 22, 1972 plaintiff added Robert G. German as a defendant. This action sought $3,500,000 compensatory damages and $1,500,000 punitive damages.

Meanwhile the appeal board failed to dispose of Speed's administrative claim within the six months specified in § 25A.5, The Code. Consequently on March 2, 1973 plaintiff filed a petition in Johnson District Court seeking the same damages sought in his administrative claim. The petition filed against the State was with immaterial exceptions identical to the petition filed in the instant suit. Defendants in the present suit were the same doctors whose alleged negligence gave rise to the suit against the State. After trial of the state tort claims action the trial court entered the judgment for $750,000 which we affirmed in *Speed*, supra.

On September 10, 1974 defendants in the present action filed what all parties and the trial court treated as an application to adjudicate law points. In ruling the trial court held the judgment entered in plaintiff's state tort claims action was a complete bar to the present suit by reason of § 25A.8, The Code. That section provides:

"The final judgment in any suit under this chapter shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the state whose act or omission gave rise to the claim. However, this section shall not apply if the court rules that the claim is not permitted under this chapter."

I. Plaintiff argues the phrase "subject matter" in § 25A.8 does not include actions for punitive damages. His argument proceeds from the prohibition in § 25A.4 against punitive damages in state tort claims proceedings. He contends since an action for punitive damages cannot be brought against the state he should not be barred from seeking punitive damages against the individual defendants. Plain-

tiff asserts "subject matter" is the *right* one party claims against another.

The plain words of § 25A.8 render it inapplicable if a claim against the state is not permitted under chapter 25A. The section purports to impose a "complete bar" applicable to "any action by the claimant, by reason of the same subject matter." The question comes down to whether the legislature intended to include suits for punitive damages within the term "subject matter."

Black's Law Dictionary, Rev. Fourth Ed., p. 1594 defines subject matter as:

"The subject or matter presented for consideration; the thing in dispute; the right which one party claims as against the other, as the right to divorce; of ejectment; to recover money; to have foreclosure. (Authority). Nature of cause of action, and of relief sought. (Authority)."

We have long wrestled over the difficulty of defining the expression subject matter as it relates to *actions*.[1] We noted the difficulty of defining subject matter as it relates to actions in *Ryan v. Amodeo,* 216 Iowa 752, 754, 249 N.W. 656, 657 (1933). But neither our attempted definition in *Ryan* nor the definition in Black's Law Dictionary clearly reveal whether subject matter encompasses both actions for compensatory and punitive damages arising from the same facts.

█ It is well settled compensatory damages must be allowed before punitive damages may be awarded. *Giltner v. Stark,* 219 N.W.2d 700, 707–708 (Iowa 1974); *Holden v. Construction Machinery Company,* 202 N.W.2d 348, 359 (Iowa 1972); *Claude v. Weaver Construction Co.,* 261 Iowa 1225, 1229–1230, 158 N.W.2d 139, 143 (1968). See also 22 Am.Jur.2d, Damages, § 241, pp. 328–332; 25 C.J.S. Damages § 118, pp. 1121–1125. Punitive damages are allowed as a matter of grace and not as a matter of right. *Giltner,* supra; *Claude,* supra.

█ We believe the legislature was aware of these well settled and widely recognized rules when it enacted § 25A.8. It seems likely the legislature would have expressly created a statutory exemption had it intended to allow separate actions seeking punitive damages alone. We think the absence of such an express statutory exemption shows the legislature intended to bar separate actions for punitive damages. We reached the same conclusion in refuting a claim an injured worker could sue for punitive damages after recovering under the workmen's compensation act. *Stricklen v. Pearson Construc. Co.,* 185 Iowa 95, 96–98, 169 N.W. 628, 628–629 (1918).

Also it must be remembered the State began from a position of complete immunity and waived that immunity on a limited basis by enacting the state tort claims act. The state's immunity for torts of its employees was waived as to compensatory damages but not as to punitive damages or the collection of interest. The State made its waiver conditional upon the claimant foregoing personal actions against state employees. There is no reason to suppose the condition is coextensive with the waiver. If a claimant does not wish to accept the limitations and conditions of the state's immunity waiver he can sue the employees personally *rather* than proceeding under the state tort claims act. The waiver of immunity has not decreased a claimant's rights. It has added the option of proceeding under the state tort claims act. Plaintiff's first assignment is without merit.

█ II. In his second assignment plaintiff argues § 25A.8 would be unconstitutional as violative of equal protection if construed to bar his claim for punitive damages. The record indicates plaintiff never presented this contention to the trial court. We will not consider matters, including constitutional questions, not raised in the trial court. *Peters v. Iowa Emp. Security*

---

1. Subject matter as the term relates to *jurisdiction* is an entirely different concept. Subject matter jurisdiction was involved in *Reed v. City of Muscatine,* 104 Iowa 183, 73 N.W. 579 (1897) cited by plaintiff and *In re Appeal of McLain,* 189 Iowa 264, 176 N.W. 817 (1920) cited by defendants. Neither case is in point.

*Com'n.,* 235 N.W.2d 306, 312 (Iowa 1975). The assignment presents nothing for review.

III. Two defendants present an issue preclusion argument based on the trial court in the prior action finding there was no reckless conduct on their part. Under our holding in division I hereof the question becomes moot.

AFFIRMED.