Terry L. **COX**, Sr., Appellant,

v.

**STATE of Iowa and Gregory E. Jones, Appellees.**

No. 03–0409.

Supreme Court of Iowa.

Sept. 1, 2004.

George A. LaMarca and Justin E. La-Van of LaMarca & Landry, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Craig Kelinson, Special Assistant Attorney General, for appellees.

CADY, Justice.

In this appeal, we must decide whether a wrongfully imprisoned person compensated under section 663A.1 is barred from maintaining a state tort claim based on acts or omissions of his attorney relating to the filing of a motion for new trial to obtain relief from the underlying conviction. The district court found the action was barred and dismissed the petition. On our review, we affirm the district court's decision.

## I. Background Facts and Proceedings.

Terry Cox was convicted in 1997 of sexually abusing his eleven-year-old stepdaughter. The conviction followed a jury trial, in which the stepdaughter testified against Cox by describing acts of abuse. Gregory E. Jones, a public defender in Woodbury County, represented Cox. Cox was sentenced to a term of incarceration not to exceed twenty-five years. He began serving his sentence on June 16, 1997.

On July 23, 1999, the stepdaughter recanted her trial testimony in a videotaped statement given to the public defender's office. In her statement, she denied any sexual contact by Cox and offered an explanation for her deception at trial.

On June 20, 2000, eleven months later, Jones filed a motion for new trial with the district court based on the recantation. The State filed a resistance. Following a hearing in April 2001, the district court vacated the judgment and sentence and ordered a new trial. Cox was released from prison, and the State later dismissed the charges.

Cox then made application with the district court pursuant to Iowa Code section 663A.1 (2001) for a finding that he had been wrongfully imprisoned. On January 22, 2002, the district court found Cox was a wrongfully imprisoned person.

On February 11, 2002, Cox filed a claim with the State Appeal Board pursuant to the Tort Claims Act for damages based on his status as a wrongfully imprisoned person. On March 13, 2002, he filed the present action against the State and Jones. The petition generally alleged that Jones failed to file the motion for new trial within a reasonable period of time after learning of the recantation and engaged in conduct constituting misrepresentation prior to filing the motion. As a result, Cox alleged his period of incarceration was unnecessarily extended, causing a variety of damages. Cox asserted the claims of legal malpractice, breach of fiduciary duty, and misrepresentation. In response to the petition, the State and Jones raised as affirmative defenses that Jones was immune from suit and that the wrongful imprisonment claim was Cox's exclusive remedy.

On July 3, 2002, the State Appeal Board, together with the Attorney General and the district court, approved a settlement of the wrongful imprisonment claim. The amount of the settlement was $197,812.33, and the district court entered judgment in this amount.

On December 5, 2002, the State and Jones moved for summary judgment in the action for legal malpractice, breach of fiduciary duty, and misrepresentation. The motion claimed the settlement of the wrongful imprisonment claim barred the tort claim. It also claimed Jones was immune from tort liability as a matter of law.

The district court found the wrongful imprisonment claim was Cox's exclusive remedy and granted summary judgment. It did not address the immunity issue. Cox appeals.

## II. Scope of Review.

Our review of a summary judgment ruling is for correction of errors at law. Iowa R.App. P. 6.4.

## III. Wrongful Imprisonment.

Iowa is one of many jurisdictions that has enacted legislation providing compensation for individuals who have been wrongfully convicted and incarcerated. *See* Adele Bernhard, *Justice Still Fails: A Review of Recent Efforts to Compensate Individuals Who Have Been Unjustly Convicted and Later Exonerated,* 52 Drake L.Rev. 703, 704–06 (2004) (discussing states' efforts to compensate wrongfully convicted individuals); Alberto B. Lopez, *$10 and a Denim Jacket? A Model Statute for Compensating the Wrongly Convicted,* 36 Ga. L.Rev. 665, 672 n. 36 (2002) (listing sixteen jurisdictions, including the federal system, that have enacted statutes for compensation of wrongfully incarcerated persons). Generally, these statutes circumscribe the eligibility requirements and specify the recoverable damages. *Id.* at 672. They apply to individuals who were innocent of the crime of which they were convicted. *Id.* at 672–73.

Under the Iowa statute, a "wrongfully imprisoned person" is identified by means of five criteria. *See* Iowa Code § 663A.1(1). Generally, these criteria require a person to have been charged with a felony or aggravated misdemeanor; a conviction must have been entered by a court or a jury of a felony or aggravated misdemeanor; a sentence must have been imposed providing for an indeterminate term of incarceration or for a term of incarcera-

tion not to exceed two years in the event the offense was an aggravated misdemeanor; the judgment and sentence must have been subsequently vacated, dismissed, or reversed with no further proceedings to follow; and the person must have been imprisoned solely due to the conviction. *Id.* The district court must then make a finding that the person did not commit the offense or any lesser offense, or that no person committed the offense. *Id.* § 663A.1(2). An individual who satisfies these requirements has a right to commence a civil action against the state based on the wrongful imprisonment. *Id.* § 663A.1(3)(*b* ). The action is brought under the State Tort Claims Act, Iowa Code chapter 669. *Id.* The wrongful imprisonment statute specifically provides that a wrongful conviction claim is considered to be a state tort claim under chapter 669. *Id.* § 663A.1(5). The statute then provides:

> Notwithstanding section 669.8, however, an action brought under this section shall not preclude or otherwise limit any action or claim for relief based on any negligent or wrongful acts or omissions which arose during the period of wrongful imprisonment, but which are not related to the facts and circumstances underlying the conviction or proceedings to obtain relief from the conviction.

*Id.*

▮ Although this provision forms the basis for the dispute in this case, we begin our consideration of its meaning by examining section 669.8, the provision identified in the prepositional phrase of section 663A.1(5). In doing so, we are mindful that we are guided by what the legislature said, not by " 'what it should or might have said.' " *In re Name Change of Reindl,* 671 N.W.2d 466, 469 (Iowa 2003) (quoting *Consol. Freightways Corp. v. Nicholas,* 258 Iowa 115, 124, 137 N.W.2d

900, 906 (1965)). Our goal is to determine the intent of the law, gleaned generally from the statutory language. *Nash Finch Co. v. City Council of Cedar Rapids,* 672 N.W.2d 822, 826 (Iowa 2003) (citing *Griffin Pipe Prods. Co. v. Guarino,* 663 N.W.2d 862, 864 (Iowa 2003)). We also consider the statute's "subject matter, the object sought to be accomplished, the purpose to be served, underlying policies, remedies provided, and the consequences of the various interpretations." *State v. Albrecht,* 657 N.W.2d 474, 479 (Iowa 2003) (citing *United Fire & Cas. Co. v. Acker,* 541 N.W.2d 517, 519 (Iowa 1995)).

Section 669.8, the statute mentioned in section 663.A1(5), is part of the comprehensive State Tort Claims Act, which permits, subject to numerous exceptions, claims against the state caused by negligent acts or omissions of state employees. *See generally* Iowa Code ch. 669. The section provides:

> The final judgment in any suit under this chapter shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the state or the employee of the state whose act or omission gave rise to the claim. However, this section shall not apply if the court rules that the claim is not permitted under this chapter.

*Id.* § 669.8.

■ It is clear our legislature, as a condition of the state's limited waiver of immunity under the State Tort Claims Act, intended a judgment entered in an action permitted under the Tort Claims Act to constitute a bar to other related actions by a claimant. *See Magers–Fionof v. State,* 555 N.W.2d 672, 674 (Iowa 1996) (stating that the Tort Claims Act recognizes a remedy for a cause of action that would not otherwise exist because of common-law immunity) (citing *Engstrom v. State,* 461 N.W.2d 309, 314 (Iowa 1990)). Yet, we have recognized the difficulty of defining the scope of the bar under section 669.8. This difficulty is based on the meaning of the phrase "the same subject matter." *Speed v. Beurle,* 251 N.W.2d 217, 219 (Iowa 1977). In *Speed,* we held the "same subject matter" standard barred an action by a claimant against a state employee for punitive damages after the claimant previously obtained judgment against the state for compensatory damages when the negligence that gave rise to the first action was the same negligence that gave rise to the second action. *Id.*

■ Generally, a similar provision in the Federal Tort Claims Act, 28 U.S.C. § 2676, has been interpreted by the federal courts to mean that the bar extends beyond the same claim or cause of action. *Serra v. Pichardo,* 786 F.2d 237, 240–41 (6th Cir.1986). Instead, the bar extends to preclude actions arising from the same conduct and events directed towards the claimant. *Id.; see Arevalo v. Woods,* 811 F.2d 487, 490 (9th Cir.1987). Thus, once a claimant recovers under the tort claim act against the government, the judgment serves to bar an action against the employee whose act or omission gave rise to the claim.[1]

■■ In enacting section 663A.1(5), our legislature must have recognized the conflict, or potential conflict, between labeling

---

1. At least one circuit court of appeals has questioned whether the word "claim" within the rule that a final judgment constitutes "a bar to 'any' action by the claimant against the employee whose act or omission gave rise to the claim" refers to the original claim or the claim asserted in the second action. *See Serra,* 786 F.2d at 239 & n. 2. We think the most sensible interpretation requires the "claim" under section 669.8 to refer to the original or first action. This interpretation is bolstered by the last sentence of section 669.8.

a wrongful imprisonment claim as a state tort claim and the rule that a state tort claim judgment bars other actions dealing with the "same subject matter." The conflict can arise because an action under the Tort Claims Act is based on the negligent act or omission of a state employee. Iowa Code § 669.2(3)(*a*). In contrast, an action under chapter 663A is based on imprisonment of an innocent person, unrelated to any proof of negligence responsible for the unjust verdict or wrongful imprisonment. *See id.* § 663A.1(2) (requiring a finding only that the individual did not commit the crime). Nevertheless, negligence of a state employee can implicate the wrongful imprisonment of a person, which presents the potential conflict for two actions that seemingly address the same subject matter. In enacting section 663A.1(5), our legislature created a standard separate from section 669.8 that permits a state tort claim independent of a chapter 663A claim, even though the case may involve the same subject matter, as long as the state tort claim is not related to the "facts and circumstances underlying the conviction or proceedings to obtain relief from the conviction." *Id.* § 663A.1(5). Section 663A.1(5) clearly envisions that a wrongfully imprisoned person may pursue a claim for negligence related to the wrongful imprisonment under the State Tort Claims Act in some instances even though a judgment has been entered under chapter 663A. If this were not true, there would be no reason for the legislature to enact section 663A.1(5). Thus, the determination of those instances when the bar does not apply hinges on the meaning of "the facts and circumstances underlying the conviction or proceedings to obtain relief from the conviction."

The State argues that the legislature intended to clarify that a wrongfully imprisoned person who recovers damages under section 663A.1 is not barred from suing for tortious acts or omissions committed by state employees against a person while the person was in prison that were outside the criminal process, such as lawsuits based on slip and fall claims while in prison and claims for negligent medical care while in prison. On the other hand, the State asserts that the legislature wanted to bar any further litigation arising from the criminal case once compensation has been granted to a wrongfully imprisoned person under chapter 663A. Cox argues that he is not barred from pursuing a negligence action in this case because the underlying negligent action he now asserts is not related to the facts and circumstances of the conviction, and it occurred before the commencement of the proceeding to obtain relief from conviction. For this reason, Cox urges that the claim is unrelated to the facts and circumstances of either the conviction or the proceedings to attain relief from the conviction based on the recantation of trial testimony.

■ We think the statute is broader in scope than asserted by the State, but not as broad as to capture the claim brought by Cox. In recognizing that the negligence of a state employee may be a contributing cause of a wrongful imprisonment, the legislature intended to permit a second claim by a wrongfully imprisoned person only if the negligence was not related to the facts and circumstances of the conviction or the subsequent proceedings for relief from the conviction. However, the "facts and circumstances" of a conviction would necessarily include the negligent acts or omissions of defense counsel in the context of a claim that resulted in either an unjust conviction or wrongful imprisonment. Thus, a tort claim based on ineffective representation by defense counsel would normally be barred under the section 663A.1(5) standard because the acts or omissions of the defense counsel would be

part of the facts and circumstances of the conviction or proceedings to obtain relief from conviction. Cox argues, however, that this case is different because he is not complaining about the negligence or other conduct of his defense attorney as it relates to the circumstances surrounding his conviction, or even the circumstances surrounding the attorney's conduct in presenting the motion for new trial. Instead, he claims this action is about the conduct of the defense attorney after the conviction and before the motion for new trial was filed.

We do not think our legislature intended to draw fine lines between a permissive and impermissive state tort claims action by innocently imprisoned persons after a judgment has been entered under chapter 663A. There would be no reason to permit a claim for ineffective assistance of counsel based on negligent delay in filing a motion for new trial and then bar a like claim based on procrastination by defense counsel after filing a motion for new trial. Furthermore, while section 663A.1(5) refers to negligence not related to *"proceedings* to obtain relief from the conviction," the comprehensive statutory standard includes the "facts and circumstances *underlying"* the proceeding. *Id.* § 663A.1(5) (emphasis added). This statutory language would necessarily include circumstances leading up to the time actual formal proceedings were commenced. Thus, we conclude the claim brought by Cox is "related to the facts and circumstances underlying the ... proceedings to obtain relief from the conviction." *Id.*

■ Section 663A.1(5) is intended to permit a wrongfully imprisoned person to bring separate actions under chapter 663A and chapter 669, even though they both concern the same wrongful imprisonment, when there was negligence by a state employee that was responsible for the convic-

tion or wrongful imprisonment based on acts or omissions apart from the process responsible for the conviction and wrongful imprisonment. For example, a state tort claim by a wrongfully imprisoned person based on allegations that the prison warden negligently continued the imprisonment beyond the time permitted by law would not be barred. Such a claim, although part of the same subject matter, would not be related to any negligence involving the conviction or relief from conviction. The claim in the present case, however, is related to the proceeding for relief from conviction, and is barred. In a case of this nature, a wrongfully imprisoned person has a choice to bring an action under chapter 663A, without having to establish negligence or other wrongful conduct, or to proceed under the Tort Claims Act based upon negligence. Cox chose to proceed under chapter 663A, and is now barred from proceeding again under chapter 669.

## IV. Conclusion.

We affirm the judgment of the district court.

**AFFIRMED.**