STATE of Iowa, Plaintiff–Appellee,

v.

**Dawn Michelle HAMMOCK,
Defendant–Appellant.**

No. 08–1870.

Court of Appeals of Iowa.

Dec. 30, 2009.

John G. Daufeldt of Daufeldt Law Firm, P.L.C., Conroy, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Barbara A. Edmondson, County Attorney, and Wyatt Peterson, Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and VAITHESWARAN and DANILSON, JJ.

SACKETT, C.J.

Defendant, Dawn Hammock, appeals from her convictions on five counts of violating Iowa's pseudoephedrine purchase statutes. She contends the district court erred in (1) misinterpreting the language of Iowa Code section 124.212(4)(c) (Supp. 2005) in denying her motion to dismiss, and (2) denying her proposed jury instruction. We affirm.

Iowa law prohibits the purchase of over 7500 milligrams of pseudoephedrine, "either separately or collectively, within a thirty-day period from a *pharmacy*," unless the person has a prescription for over 7500 milligrams. Iowa Code § 124.212(4)(c) (emphasis supplied). In five different thirty-day periods, from March 18, 2006, to August 18, 2007, Hammock's total purchases of pseudoephedrine exceeded 7500 milligrams although no individual purchase exceeded the limit. Within each period, some of the purchases were made at a Walmart pharmacy and some were made at a Hy–Vee pharmacy. After being charged with five counts of violating Iowa Code section 124.212(4)(c), Hammock filed a motion to dismiss, arguing that the statute prohibits the purchase of more than 7500 milligrams from a single pharmacy and she made the purchases from multiple pharmacies. The district court denied the motion.

At the close of trial, Hammock submitted a proposed jury instruction regarding the elements of the charge. It stated in relevant part,

The State must prove the following elements:

1. That on ..., the defendant did purchase more than seven thousand five hundred milligrams of pseudoephedrine, either separately or collectively, within a 30–day period from a pharmacy; and

2. That the defendant did so without a prescription for a pseudoephedrine product in excess of that quantity.

The court rejected the proposed instruction and provided the following marshalling instruction,

The State must prove both of the following elements:

1. On or about ... the defendant, Dawn Michelle Hammock, purchased more than 7,500 milligrams of pseudoephedrine, either separately or collectively, within a thirty-day period.

2. The defendant, Dawn Michelle Hammock, purchased the aforementioned quantity of pseudoephedrine from pharmacies located within the State of Iowa.

Hammock was convicted on all counts.

■■ We review a ruling on a motion to dismiss, and a court's interpretation of a

statute, for correction of errors at law. *State v. Johnson,* 770 N.W.2d 814, 819 (Iowa 2009). Challenges to jury instructions are also reviewed for errors at law. *State v. Heemstra,* 721 N.W.2d 549, 553 (Iowa 2006). If a requested instruction correctly states the law, applies to the case, and is not recited elsewhere in the instructions, a court must give the requested instruction. *State v. Kellogg,* 542 N.W.2d 514, 516 (Iowa 1996). An instructional error does not require reversal unless it caused prejudice to the defendant. *State v. Reynolds,* 765 N.W.2d 283, 288 (Iowa 2009).

■ In ruling on Hammock's motion to dismiss, the district court looked to the legislative intent behind Iowa Code section 124.212(4)(c), and

> conclude[d] that any reasonable person would understand that the statute should be interpreted to restrict that person from purchasing any more than 7,500 milligrams of pseudoephedrine in a thirty-day period, no matter how many pharmacies or retailers that person may have frequented. To interpret the law otherwise would render it completely meaningless.

Hammock argues the court erred in this interpretation because the statute plainly states "a pharmacy" and the court was bound to interpret the statute by what the legislature said, not by what it might or should have said. Hammock's interpretation of "a pharmacy" as meaning purchases from a single pharmacy is plausible from the language chosen by the legislature. However, this reading of the statute

ignores the other considerations a court must make in interpreting a statute. In determining the intent of the legislature when interpreting a statute, we also look to the object sought to be attained, the circumstances of its enactment, law on the same or similar subjects, the consequences of a particular interpretation, the administrative construction of the statute, and any statement of policy. Iowa Code § 4.6 (2005); *State v. Dohlman,* 725 N.W.2d 428, 431 (Iowa 2006); *Cox v. State,* 686 N.W.2d 209, 213 (Iowa 2004). In light of these considerations, we agree with the district court's interpretation. The statute prohibits the purchase of over 7500 milligrams of pseudoephedrine within a thirty-day period whether the purchases were made at a single pharmacy or multiple pharmacies.

We acknowledge that Hammock's proposed jury instruction more closely follows the language of the statute than the one submitted by the court. But, since we find the statute applies to purchases from multiple pharmacies, the court's instruction was a correct statement of the law [1] and Hammock suffered no prejudice by the court's failure to submit her requested instruction. We therefore affirm Hammock's convictions.

**AFFIRMED.**

---

1. We do note the court's instruction does not address the requisite element that the purchase of the illegal amount of pseudoephedrine must *be made without a prescription.* However, the court addressed this element in another instruction. Instruction 24 provides:
   > A person who has been given a doctor's prescription for a pseudoephedrine product

greater than 7,500 milligrams and presents the doctor's prescription to a pharmacy on the date of purchase of the pseudophedrine product may purchase more than 7,500 milligrams of pseudoephedrine within a thirty-day period.