# IN THE COURT OF APPEALS OF IOWA

No. 15-1375
Filed October 26, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DONNA JEAN HOLMAN,**
　　　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Stephen C. Gerard II, District Associate Judge.

The defendant appeals from the district court's denial of her motion to vacate a no-contact order. **AFFIRMED.**

Donna Holman, Keokuk, pro se appellant.

Thomas J. Miller, Attorney General, and Benjamin M. Parrott, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Tabor, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

Donna Holman appeals the district court's denial of her motion to vacate a no-contact order. Holman maintains the court violated her right to be heard when it extended the no-contact order in 2011, and she argues that the court was wrong in its determination that she still posed a threat in 2015, when it denied her motion to vacate.

## I. Background Facts and Proceedings.

In January 2007, a magistrate found Holman guilty of third-degree harassment and disorderly conduct for her actions outside of a Planned Parenthood in Iowa City. The court sentenced Holman to two suspended, thirty-day terms of incarceration and placed her on probation for one year. The court also entered a no-contact order prohibiting Holman being within twenty-five feet of the Iowa City Planned Parenthood. The no-contact order was effective for five years.

Holman appealed the judgment and sentence, and the district court affirmed both. Holman later filed for discretionary review with the Iowa Supreme Court, but her request was denied.

In January 2008, Holman's probation was revoked for failure to comply with the terms and conditions. She served a thirty-day term in the county jail as a result.

In November 2011, the State filed a motion asking the court to extend the no-contact order for an additional five years. The State maintained that Holman still posed a threat, and affidavits supporting the assertion were submitted with the motion. The same day, without holding a hearing, the court granted the

motion and entered a modified no-contact order, extending it through January 26, 2017. The form contains the statement, "The court hereby finds: It has jurisdiction over the parties and subject matter, and the Defendant has been provided with reasonable notice and opportunity to be heard."

On August 8, 2014, Holman filed a motion asking the court to correct or vacate the "illegal no-contact order." In the motion, Holman argued the court's extension of the no-contact order without allowing her an opportunity to be heard violated her right to Due Process. She also maintained that the court was wrong in its determination that she still posed a threat.

The court denied Holman's motion, stating that Iowa Code section 664A.8 (2011), the statute controlling the procedure for extending a no-contact order, contained "no requirement for notice and hearing prior to the court considering a motion to extend."

Holman filed a motion to reconsider. She attached our court's ruling in *State v. Olney*, 13-1063, 2014 WL 2884869, at *3 (Iowa Ct. App. June 25, 2014), which concluded "an extension of a no-contact order under chapter 664A is . . . subject to a motion to dissolve, vacate, or modify." The court treated the motion as a request for a hearing on the merits to determine whether Holman continued to pose a threat to the protected party. An evidentiary hearing was scheduled.

The State, Holman's attorney, and Holman pro se filed a number of filings and the court granted at least one continuance before Holman's attorney filed a motion for another continuance the day before the rescheduled hearing in January 2015. The motion stated, in part, "Defendant also respectfully suggests that perhaps a hearing is not necessary and that the parties could instead simply

submit written arguments to the court by a certain date. This would perhaps be the most effective use of scant court resources." The court granted the motion, and both parties submitted affidavits.

On July 14, 2015, the court entered its ruling, finding that Holman continued to pose a threat and denying her request to vacate the no-contact order. Holman appeals.

## II. Standard of Review.

Insofar as Holman's claims involve a constitutional right to due process, we review de novo. *See State v. Young*, 863 N.W.2d 249, 252 (Iowa 2015). We consider the district court's interpretation of a statute and claims regarding the sufficiency of the evidence for correction of errors at law. *State v. Hammock*, 778 N.W.2d 209, 210–11 (Iowa Ct. App. 2009).

## III. Discussion.

Holman maintains that she had a right to be heard before the district court modified the no-contact order in 2011 to extend it for five years.[1] Although the form filed by the court stated that Holman had received notice of the hearing, the State's motion to extend the no-contact order was filed only hours before the court granted it. It is clear that Holman was not afforded notice before the court took action on the State's motion. Moreover, the requirements to issue a temporary injunction without notice to the party were not fulfilled. *See* Iowa R. Civ. Pro. 1.1507 (allowing a temporary injunction to be issued without notice where the applicant's attorney certifies in writing either the efforts that have been

---

[1] The State asserts Holman does not have an appeal as a matter of right and she should have requested discretionary review. Alternatively, the State maintains this appeal is untimely. We do not address these arguments; we decide the appeal on the merits.

made to give notice or the reason supporting the claim that notice should not be required); *see also Olney*, 2014 WL 2884869, at *3 ("A no-contact order is analogous to an injunction."). However, even if the district court erred in the procedure offered to Holman before the 2011 extension, Holman was afforded the opportunity to be heard in 2015 when the court reconsidered the merits of whether she still posed a threat. She complains on appeal that she wanted a hearing rather than having the court rule based on the submitted affidavits, but we note that she is the party who suggested that procedure, and she did not complain of such procedure to the district court when she had the chance. *See State v. LeFlore*, 308 N.W.2d 39, 41 (Iowa 1981) ("[G]enerally a defendant is bound by defense counsel's action within the scope of that authority taken on behalf of the defendant."). Any procedural defect that occurred prior to the extension was cured by the reconsideration of the merits in 2015.

Next, we consider whether the court erred in finding that Holman still posed a threat at the time of the 2015 motion to vacate.[2] Holman had the burden to prove she was no longer a threat to those protected by the order. *See State v. Wiederien*, 709 N.W.2d 538, 545 (Iowa 2006) (Cady, J., dissenting) ("[The court considers the evidence presented in the criminal or juvenile proceedings to decide if the no-contact order should be modified or terminated in accordance with those standards applicable to continuing, modifying, or dissolving other injunctions."); *Simmermaker v. Int'l Harvester Co.*, 298 N.W. 911, 913 (Iowa 1941) ("It is . . . well settled that on a motion to dissolve a temporary restraining

---

[2] We understand Holman's challenge to the district court's finding that she continued to pose a threat as a challenge to the sufficiency of the evidence supporting the determination.

order . . , the burden rests upon the defendant."); *Olney*, 2014 WL 2884869, at *3 n.4 ("At a hearing on a motion to dissolve, vacate, or modify, the moving party would be required to prove by a preponderance of the evidence that the defendant no longer poses a threat to the victim or others who are protected by the order.").

The no-contact order was originally entered after Holman was convicted of harassment in the third degree, and it was extended because the court believed she was still a threat to engage in such behaviors. "A person commits harassment when the person, purposefully and without legitimate purpose, has personal contact with another person, with the intent to threaten, intimidate, or alarm that other person." Iowa Code § 708.7(1)(b) (2013). Holman had the burden to establish that she no longer posed a threat to the protected parties, but instead she did quite the opposite. The affidavits she filed with the court, rather than assuaging fears about her possible future behavior, indicated that she intended to continue much as she had before, and as she had in other locations since her initial arrest. While Holman continues to maintain that she is simply engaging in her right to protest things that are against her personal beliefs, it is clear she plans to continue to do so in such a way as to harass those that the no-contact order is meant to protect. We cannot say the district court erred in its determination that Holman still poses a threat.

Holman lists a number of other arguments about issues not properly before us on appeal; we decline to consider them. We affirm the district court's denial of Holman's motion to vacate the no-contact order.

**AFFIRMED.**